## LAURICE M. ROWLAND v. BENNETT A. ROWLAND.

(Filed 9 November, 1960.)

**1. Appeal and Error § 1—**

Where the complaint alleges facts sufficient to constitute a cause of action for alimony without divorce under G.S. 50-16, and the hearing in the lower court is upon the theory that the action was one for alimony without divorce, the cause will be so treated on appeal since an appeal must follow the theory of trial in the lower court.

**2. Appeal and Error § 21—**

A sole exception to the order of the lower court allowing alimony and subsistence *pendente lite* presents only the questions whether the facts found support the order and whether error of law appears upon the face of the record.

**3. Divorce and Alimony § 18—**

The court has authority to order alimony and subsistence *pendente lite* in an action under G.S. 50-16 as may be proper according to the husband's condition and circumstances and with regard also to the separate estate of the wife, and therefore the fact that the wife has a separate estate does not necessarily defeat her right to subsistence and counsel fees *pendente lite*.

**4. Divorce and Alimony § 16—**

The affidavits required by G.S. 50-8 in action for divorce are not required in actions for alimony without divorce under G.S. 50-16, and in actions under the latter statute verification may be made as in ordinary civil actions.

**5. Same—**

The complaint in this action, liberally construed, *is held* to state facts sufficient to constitute a cause of action under G.S. 50-16.

**6. Divorce and Alimony § 18—**

The amount of subsistence *pendente lite* allowed by the court in its discretion is not reviewable on appeal in the absence of abuse of discretion.

APPEAL by defendant from *Hobgood, J.,* 9 May 1960 Civil Term, of WAKE.

Civil action for alimony without divorce, heard upon plaintiff's motion for an allowance for subsistence for herself and the two minor children born of their marriage and for counsel fees *pendente lite.*

From an order allowing plaintiff to continue to live in the residence now occupied by her until the further order of the court, and commanding that defendant shall continue to make payments of $125.00 per month on the mortgage on the residence, and shall pay all electric, water and telephone bills, and awarding subsistence of $100.00 a month for his wife and two minor children and counsel fees of $150.00 *pendente lite,* and ordering defendant to refrain from assaulting plaintiff, his wife, defendant appeals.

*Robert A. Cotten for plaintiff, appellee.*
*Charles W. Daniel for defendant, appellant.*

PARKER, J. The complaint appears to be drafted under the provisions of G.S. 50-16 — Alimony without divorce —, although the prayer is only for subsistence and counsel fees *pendente lite.* However, this stipulation appears in the statement of the case on appeal: "That the said action purports to be in the nature of prayer for divorce from bed and board and for alimony to plaintiff and support for the children of the marriage between plaintiff and defendant." There is nothing in the record to indicate such a stipulation was made in the hearing below. Plaintiff in her brief states the action was brought under the provisions of G.S. 50-16. In the complaint there is no reference to a divorce *a mensa et thoro* (G.S. 50-7), and no prayer for such a divorce. In our opinion, a reading of the com-

ROWLAND v. ROWLAND.

plaint shows that this is an action for alimony without divorce brought under G.S. 50-16. It seems that this case was heard below on the theory that it was a proceeding for alimony without divorce, and an appeal must follow the theory of the trial in the lower court. *Lyda v. Marion,* 239 N.C. 265, 79 S.E. 2d 726.

The record contains only the complaint and order for subsistence and counsel fees *pendente lite,* and stipulation of case on appeal, and appeal entries. The record has no assignment of error. In the appeal entries it has one exception that defendant excepts to the order, "for that the complaint and summons show on the faces thereof that plaintiff has sufficient means for the prosecution of her suit for divorce *a mensa et thoro,* and for the further reason that the complaint fails to state a cause of action therefor."

Defendant's exception is to the order. That presents for decision only two questions: (1) Do the facts found support the order, and (2) does any error of law appear upon the face of the record? *Bond v. Bond,* 235 N.C. 754, 71 S.E. 2d 53.

The court in its order found as a fact that the defendant is a healthy, able-bodied man gainfully employed, and has an income of $410.00 a month, and that plaintiff is without any property of her own except her wearing apparel and a small amount of household and kitchen furniture, that she has no independent income of her own, and is solely dependent upon her husband for her entire livlihood. Defendant contends that plaintiff gave a cost bond for $400.00, wherein she stated that she was worth $400.00 above all her debts and personal property exemptions, and, therefore, the court could not allow her subsistence and counsel fees *pendente lite,* for the reason that she had sufficient means to cope with her husband in presenting her case to the court. G.S. 50-16 provides that the judge in a proper case can make an allowance for subsistence and counsel fees *pendente lite,* "as may be proper, according to his condition and circumstances, for the benefit of his said wife and the children of the marriage, having regard also to the separate estate of the wife." Therefore, the fact that the wife has a separate estate of her own does not necessarily defeat her right to the allowance of subsistence and counsel fees *pendente lite. Mercer v. Mercer,* 253 N.C. 164, ...... S.E. 2d ....... This contention of defendant is without merit.

Defendant contends that these errors of law appear on the face of the complaint: (1) The complaint does not allege that plaintiff has resided in the State of North Carolina for at least six months next preceding the filing of her complaint, and (2) that the com-

plaint has no allegation that the facts set forth in the complaint as grounds for divorce have existed to her knowledge for at least six months prior to the filing of her complaint, as required by G.S. 50-8. The complaint has no such allegations. This contention of defendant is not tenable.

G.S. 50-8 — Contents of complaint; verification — applies to all actions for divorce. G.S. 50-16 — Alimony without divorce — states: "In actions brought under this section, the wife shall not be required to file the affidavit provided in G.S. 50-8, but shall verify her complaint as prescribed in the case of ordinary civil actions." *Cunningham v. Cunningham,* 234 N.C. 1, 65 S.E. 2d 375.

Defendant states in his brief that he here demurs to the complaint on the ground that it fails to state a cause of action because the complaint does not comply with the provisions of G.S. 50-8, as above set forth. His demurrer for the reasons set forth above is overruled.

Construing the allegations of the complaint liberally for the purpose of determining its effect with a view to substantial justice between the parties, G.S. 1-151, it states facts sufficient to constitute a cause of action under G.S. 50-16. The unchallenged findings of fact support the court's conclusion and order.

The amount of the allowance to plaintiff for subsistence for herself and for the two minor children born of the marriage and of counsel fees was a matter for the trial judge. His discretion in this respect is not reviewable, except in case of an abuse of discretion. *Fogartie v. Fogartie,* 236 N.C. 188, 72 S.E. 2d 226. Defendant does not contend the trial judge abused his discretion.

