JANIS P. MILLER v. W. M. MILLER.

(Filed 19 April, 1967.)

**1. Divorce and Alimony § 18—**

In hearing a motion for alimony *pendente lite*, the court has the discretion to decide in what form he should receive evidence in his efforts to ascertain the truth, and the action of the court in limiting the evidence of both parties to affidavits is within his discretion and will not be disturbed in the absence of a showing of abuse.

**2. Same—**

Where plaintiff's complaint in a suit for alimony without divorce alleges that defendant had contributed nothing to her support since a specified date and that her earnings as a secretary are not sufficient to support her adequately and defray the costs of her suit, her complaint, treated as an affidavit, is sufficient to support the court's order for subsistence and counsel fees *pendente lite*, and defendant's contention that it affirmatively appeared from her allegations that she had ample income to meet her needs pending trial is not supported by the record.

**3. Same—**

In a hearing by the court of plaintiff's motion for subsistence and counsel fees *pendente lite*, it will be presumed that the court found facts from the conflicting affidavits and allegations of the pleadings, treated as affidavits, sufficient to support its order awarding subsistence and counsel fees *pendente lite*.

**4. Same—**

The amount of subsistence *pendente lite* is a matter resting in the sound discretion of the trial court.

**5. Appeal and Error § 34—**

The requirement of the amendment to Rule of Practice in the Supreme Court No. 19(1) is again brought to the attention of the Bar.

APPEAL by defendant from *Olive, E.J.*, February 19, 1967 Non-Jury Session of WAKE.

Action for alimony without divorce under G.S. 50-16. The following facts appear from the pleadings:

Plaintiff and defendant were married on October 5, 1963, and lived together as husband and wife until August 19, 1966. They have no children. Plaintiff has been gainfully employed as a secretary since her marriage, and, from January 1964 to February 1965, she supported herself and defendant while he was a student at North Carolina State University at Raleigh. She alleges that defendant, after having mistreated her throughout their marriage (in ways specified in the complaint), abandoned her and their home in Raleigh on August 19, 1966. On that day he moved to Misenheimer, where he has since lived, refusing to permit her to join him. Defendant denies abandoning plaintiff and alleges that they separated by mutual consent on September 4, 1966. She continues in possession of the household furniture, which the parties acquired during the time they lived together and on which there is a balance due of $80.00. When defendant went to Misenheimer, he left with plaintiff his 1964 Pontiac automobile, on which there is a balance due of $750.00. She avers that he agreed she was "to have the possession and use of the automobile." He admits that he left the car with her, but contends that she was to have it only until October 15, 1966. In the early morning hours of January 4, 1967, defendant came to Raleigh and surreptitiously took the Pontiac, leaving plaintiff a 1954 Chevrolet, which, she alleges (and he denies), is dilapidated and beyond repair.

Plaintiff alleges that at all times since her marriage to defendant she has been "a loyal, faithful, and dutiful wife, and has contributed her time, money, and energy in attempting to establish and maintain a home for defendant." Defendant admits this allegation. Plaintiff further alleges that defendant has contributed nothing to her support since August 1966 and that her earnings as a secretary are not sufficient to support her adequately or to defray the costs of this suit. She asks for alimony *pendente lite* and counsel fees, possession of the automobile and furniture, and permanent alimony. Defendant denies that plaintiff is entitled to alimony and that her income is insufficient for her necessary expenses.

Plaintiff's motion for alimony *pendente lite* came on to be heard before Judge Olive on February 23, 1967. Both plaintiff and defend-

ant offered affidavits, which — except for the complaint and answer — appellant did not include in his case on appeal. The case does, however, contain the statement that affidavits disclosed that defendant's gross monthly pay is $550.00; his net pay, $420; and that plaintiff's net monthly pay is $268.30.

After plaintiff had offered her affidavits, counsel "tendered" her as a witness; whereupon Judge Olive stated that he would consider affidavits only. Defendant's attorney then announced that he would like to cross-examine plaintiff. Permission to cross-examine was denied, and defendant excepted. After plaintiff had rested and defendant had offered two affidavits, his counsel called defendant's mother as a witness. The court again declined to hear oral testimony; whereupon defendant introduced his mother's affidavit, which is not in the transcript.

Judge Olive entered judgment that, pending the trial of the action, defendant pay plaintiff $100.00 a month subsistence; that plaintiff be awarded the possession of the 1964 Pontiac and the furniture; that defendant make the payments on the car and pay the balance due on the furniture; and that he pay plaintiff's attorney $150.00 for his services rendered in this action. Defendant gave notice of appeal.

*Crisp, Twiggs & Wells by L. Bruce McDaniel for plaintiff appellee.*
*Jacob W. Todd for defendant appellant.*

PER CURIAM. Defendant's first two assignments of error relate to the refusal of the judge to allow him to cross-examine plaintiff and to elicit oral testimony from his mother. In recognition of the limitations of time and the duration of sessions of court, the General Assembly provided in G.S. 50-16 that applications for alimony *pendente lite* "may be heard in or out of term, orally or upon affidavit, or either or both." With these words, the legislature gave the judge hearing the motion the discretion to decide in what form he should receive the evidence in his efforts to ascertain the truth. In hearing the motion in the instant case, Judge Olive limited the testimony to that contained in affidavits. This record and case on appeal contain no suggestion that, in so doing, he abused his discretion. He applied the same rule to both parties.

Defendant's third assignment is that the court erred in making any award to plaintiff when "plaintiff's affidavit showed that plaintiff had ample income to meet her needs pending the trial of this cause, without special requirements for a greater income than was already available to her." Suffice it to say that the case on appeal

contains no affidavit by plaintiff which shows that she has such funds. On the contrary, the complaint contains the positive averments that she is 'unable to provide adequate support for herself and to defray the necessary expenses of this action and that defendant has contributed nothing to her support since he separated himself from her in August 1966.

The judge, after hearing the evidence — only a portion of which appellant included in his case on appeal —, awarded alimony *pendente lite* as set out in the judgment. "(I)t is presumed that he found the facts from the evidence presented to him according to his conviction about the matter and that he resolved the crucial issues in favor of the party who prevailed on the motion." *Williams v. Williams,* 261 N.C. 48, 55, 134 S.E. 2d 227, 232. The amount allowed a wife for her subsistence *pendente lite* and for her counsel fees is a matter for the trial judge. "His discretion in this respect is not reviewable except in case of an abuse of discretion." *Rowland v. Rowland,* 253 N.C. 328, 331, 116 S.E. 2d 795, 797. *Accord, Mercer v. Mercer,* 253 N.C. 164, 116 S.E. 2d 443. No abuse appears here.

It is noted that, in preparing the transcript, appellant completely ignored the July 1, 1963 amendment to Rule No. 19(1) of the Rules of Practice in the Supreme Court of North Carolina. The attention of the bar is once again directed to this rule.

The judgment of the court below is

Affirmed.