JANET LYNN TAYLOR McALISTER v. THOMAS RAY McALISTER

No. 7219DC103

(Filed 29 March 1972)

Divorce and Alimony § 18— subsistence pendente lite — hearing — denial of court reporter

Defendant has shown no prejudice by the denial of his motion for an official court reporter to record the hearing in district court on plaintiff's motion for subsistence and counsel fees *pendente lite.*

APPEAL by defendant from *Hammond, District Judge,* 27 August 1971 Session of District Court held in RANDOLPH County.

The plaintiff brought this civil action against her husband, the defendant, for alimony without a divorce, counsel fees,

custody of the minor children of plaintiff and subsistence for the minor children, possession of a residence owned by plaintiff and defendant as tenants by the entirety, and possession of an automobile owned by defendant. In this proceeding she moved for similar relief pendente lite and a hearing was held on this motion.

Prior to the introduction of any evidence at the hearing the defendant moved for an official court reporter to take the record and further moved for a continuance if a court reporter was not available. The trial judge denied both motions.

The matter was heard before the Judge on affidavit and the oral testimony of witnesses.

The trial court found in favor of the plaintiff and awarded child support, alimony pendente lite, counsel fees, possession of the residence, and possession of the automobile.

From the order of the trial court, the defendant appeals.

*No counsel for plaintiff appellee.*

*Ottway Burton for defendant appellant.*

CAMPBELL, Judge.

The only issue raised in this Court is whether it was error for the trial judge to deny defendant's motion to have the record taken by an official court reporter.

The defendant argues that it was error to deny his motion for a reporter and that the absence of a reporter impaired his right of appeal.

The North Carolina General Statutes require only that "[c]ourt-reporting personnel shall be utilized, *if available,* for the reporting of civil trials in the district court." G.S. 7A-198 (emphasis added). If a reporter is not available in any county, other means may be employed to take the testimony. *Ibid.* The defendant made no motion that any other means be employed when his motion for a court reporter was denied.

There are no cases on this point in North Carolina. Other jurisdictions have, however, held that it is not error for the trial judge to fail to appoint a stenographer to take down the testimony where no stenographer is available. *Lindsey v. Caston,*

118 S.W. 2d 843, Tex. Civ. App. (1938); *Universal Life Ins. Co. v. Larremore,* 32 S.W. 2d 964, Tex. Civ. App. (1930). If the case is one in which a court reporter's services can be dispensed with without prejudice, and no reporter can be found, it is not error to refuse a motion for the services of a reporter. 53 Am. Jur., Trial, § 30; *Frost v. Witter,* 132 Cal. 421, 64 P. 705 (1901).

A hearing of this nature may be conducted on affidavits only and without oral testimony. *Miller v. Miller,* 270 N.C. 140, 153 S.E. 2d 854 (1967). Nevertheless, oral testimony was introduced in the instant case. Even so the absence of stenographic notes is not always fatal. *State v. Sanders,* 280 N.C. 67, 185 S.E. 2d 137 (1971); *State v. Allen,* 4 N.C. App. 612, 167 S.E. 2d 505 (1969).

The defendant has not shown any prejudice by the denial of his motion. A new trial will be granted only for prejudicial error. 1 Strong, N.C. Index 2d, Appeal and Error, § 47.

In the trial of this case we find

No error.

Judges BRITT and GRAHAM concur.