Howell v. Howell

---

In the trial and judgment appealed from, we find

No error.

Judges CAMPBELL and MORRIS concur.

---

VIRGINIA DORIS COLLIER HOWELL v. JOHN JAMES HOWELL

No. 736DC473

(Filed 22 August 1973)

**Divorce and Alimony § 18— alimony pendente lite hearing—denial of court reporter**
    The trial court did not err in the denial of defendant's motion to continue an alimony *pendente lite* hearing until a court reporter could be present to record the testimony. G.S. 7A-198(a); G.S. 50-16.8(f); Court of Appeals Rule 19(f).

APPEAL by defendant from *Gay, Judge,* 12 February 1973 Session of District Court held in NORTHAMPTON County.

This is a civil action instituted by Virginia Doris Collier Howell, wife, against John James Howell, husband, for divorce from bed and board, permanent alimony, and counsel fees, heard on plaintiff's motion for relief *pendente lite*.

In his answer, and when the case came on for hearing on plaintiff's motion for alimony *pendente lite,* the defendant requested that the court have a "qualified and approved Court Reporter" present to record all testimony and moved that the hearing on the motion be continued if a reporter was not available. The defendant's motion was denied.

The court heard plaintiff's evidence (defendant offered no evidence), made findings of fact, conclusions of law, and entered an order *pendente lite* that defendant pay to plaintiff $75.00 each week, deliver to plaintiff for her use a 1969 Dodge Charger automobile, and pay plaintiff's counsel $200.00. Defendant appealed.

*Johnson, Johnson & Johnson by Bruce C. Johnson for plaintiff appellee.*

*Manning, Fulton & Skinner by John B. McMillan for defendant appellant.*

Howell v. Howell

HEDRICK, Judge.

The only exception brought forward and argued on this appeal is to the denial of defendant's motion to continue the alimony *pendente lite* hearing until a "qualified and approved court reporter" could be present to record the testimony.

In *McAlister v. McAlister,* 14 N.C. App. 159, 187 S.E. 2d 449 (1972), this court held that in the absence of a showing of prejudice, a new trial would not be ordered when the trial court failed to allow the defendant's motion to have a court reporter record the testimony at a *pendente lite* hearing. In the present case defendant has shown no such prejudice in the denial of his motion.

Furthermore, G.S. 7A-198(a) states: "Court-reporting personnel shall be utilized, if available, for the reporting of civil trials in the district court. If court reporters are not available in any county, electronic or other mechanical devices shall be provided by the Administrative Office of the Courts upon request of the chief district judge." A hearing on a motion for alimony *pendente lite* is not a civil trial within the meaning of G.S. 7A-198. See 88 C.J.S., Trials, § 3, p. 22.

In addition, G. S. 50-16.8(f) provides that the evidence in an alimony *pendente lite* hearing may be confined to verified pleadings, affidavits, or other proof aside from oral testimony. See also *Miller v. Miller,* 270 N.C. 140, 153 S.E. 2d 854 (1967); *Harrell v. Harrell,* 253 N.C. 758, 117 S.E. 2d 728 (1961); *Moore v. Moore,* 185 N.C. 332, 117 S.E. 12 (1923). Therefore, it seems clear that there is no necessity that the testimony be recorded.

Finally, Rule 19(f) of the Rules of Practice of this court reflects the expectation of the court that there will be certain circumstances in which there will be no stenographic record of a prior hearing. This rule outlines an alternative course for appellant's counsel to follow, and in so doing, indicates that a written transcript of the testimony is not essential in filing a record on appeal.

The court did not err in denying the motion to continue.

The order appealed from is

Affirmed.

Judges BRITT and VAUGHN concur.