IN THE MATTER OF THE CUSTODY OF MELVIN COX, JR., SUSAN DIANNE COX AND JAMES EARL COX

No. 7419DC473

(Filed 4 December 1974)

1. **Divorce and Alimony § 23— contempt for failure to pay child support — failure to provide court reporter**

Respondent was not prejudiced by the trial judge's failure to provide a court reporter for a hearing on petitioner's motion that he be purged of contempt for failing to make child support payments.

2. **Judges § 5— motion that judge disqualify himself**

The trial judge did not err in the denial of respondent's motion that the judge disqualify himself from hearing petitioner's motion to purge himself of contempt for failure to make child support payments on the ground that the trial judge had ruled against petitioner on every discretionary ruling in this cause.

3. **Habeas Corpus § 1— confinement under district court order — issuance by superior court**

A superior court judge properly issued a writ of habeas corpus for a petitioner confined in jail pursuant to an order of the district court adjudging him in contempt for failure to make child support payments. G.S. 17-6.

APPEAL by respondent from *Sapp, Judge,* 4 December 1973 Session of District Court held in RANDOLPH County. Argued before the Court of Appeals 5 September 1974.

The matter of custody and child support with respect to Melvin Cox, Jr., Susan Dianne Cox, and James Earl Cox has been the subject of litigation in the courts of Randolph County since 1961. Prior to 2 May 1972 custody of the children was in the mother, respondent, Virginia Minton Cox (now Virginia Mae Minton). Melvin Cox, the father, was ordered on 17 October 1964 to pay $17.50 per week for their support. On 31 August

1972 he was adjudged in contempt for failure to make the support payments as ordered. After a hearing on 28 September 1972 and the placement of the children in the custody of the Randolph County Department of Social Services, respondent appealed to this Court. We affirmed the trial tribunal's order. *In Re Cox,* 17 N.C. App. 687, 195 S.E. 2d 132 (1973), *cert. denied,* 283 N.C. 585, 196 S.E. 2d 809 (1973). After affirmance, petitioner Melvin Cox was jailed, on 19 April 1973, on the prior finding of contempt. Petitioner protested that he had no means to comply with an order requiring him to pay $6,460.00, the amount of arrearage in his support payments, and on 14 May 1972 the court entered an order to that effect. Without giving respondent an opportunity to offer evidence, the court found that petitioner's confinement and the payment of $2,000.00 into the office of the clerk would be sufficient to purge him completely of any wilful contempt of the orders entered in the cause. Respondent appealed. We vacated the order and remanded this action to the trial court on the grounds that the trial court failed to conduct a proper hearing before signing and entering the order purging petitioner of contempt and ordering his discharge from custody. *In Re Cox,* 19 N.C. App. 657, 199 S.E. 2d 711 (1973).

After remand, an order was entered on 14 November 1973, without a hearing, confining petitioner to the Randolph County Jail for compliance with the 31 August 1972 order adjudging petitioner in contempt for failure to make support payments. The next day petitioner made application for a writ of habeas corpus. The writ was issued, and petitioner was released from custody by Superior Court Judge Seay. A hearing was held in District Court on 4 December 1973, and judgment entered on 24 January 1974. After the court heard evidence from petitioner and respondent, petitioner was purged of all wilful contempt of any orders entered in this cause, and the 14 November 1973 order was vacated. The judgment further provided that any sum remaining unpaid, after credit of $2,000.00 was paid into the office of the clerk, would constitute a judgment against the property or estate of Melvin Lee Cox. Respondent brings her third appeal to this Court.

*Ottway Burton, for the respondent-appellant.*

*No counsel contra.*

In re Custody of Cox

BROCK, Chief Judge.

[1]   Respondent contends that her due process rights were infringed when the trial judge refused to provide a court reporter. In *McAlister v. McAlister,* 14 N.C. App. 159, 187 S.E. 2d 449, *cert. denied,* 281 N.C. 315, 188 S.E. 2d 898, a case of first impression in North Carolina, we held that failure to provide a court reporter, where a court reporter was unavailable, was not fatal where there was no showing of prejudice. No prejudice has been shown. This assignment of error is without merit and is overruled.

[2]   Respondent assigns as error that the trial judge should have disqualified himself from hearing the cause by reason of interest or prejudice. Respondent filed a motion requesting Judge Sapp to disqualify himself and to transfer the case to another judge. The motion was denied. Respondent argues that on every discretionary ruling in this cause, the trial judge has ruled against her. We have carefully examined the record, the record of this case on its prior two appeals to this Court, and the allegations of respondent contained in her motion to remove the trial judge. There is no substantial evidence to support either respondent's allegations or respondent's arguments. This assignment of error is overruled.

[3]   Respondent argues that it was error for Superior Court Judge Seay to issue a writ of habeas corpus for petitioner. A simple reading of G.S. 17-6 disposes of respondent's argument:

> "Application for the writ shall be made in writing, signed by the applicant— (1) To any one of the justices or judges of the Appellate Division. (2) To any one of the superior court judges, either during a session or on vacation."

We have carefully considered each of respondent's three remaining assignments of error and feel that no useful purpose can be served by an *ad seriatum* discussion. In our opinion respondent had a fair hearing free from prejudicial error.

Affirmed.

Judges MORRIS and MARTIN concur.