THE FORTIS CORPORATION v. NORTHEAST FOREST PRODUCTS, DIVISION OF HARDWOOD LUMBER MFG. COMPANY, INC.

No. 8317DC828

(Filed 5 June 1984)

**Appeal and Error §§ 41, 45— dismissal of appeal—absence of exceptions and assignments of error in brief—absence of evidence**

> Appeal is dismissed for failure of appellant's brief to contain references to the pertinent exceptions and assignments of error following each question presented for review, App. R. 28(b)(5), and for failure of the record to contain so much of the evidence as is necessary for an understanding of all errors assigned, App. R. 9(b)(1).

APPEAL by defendant from *Clark, Judge.* Judgment entered 19 April 1983 in District Court, STOKES County. Heard in the Court of Appeals 4 May 1984.

This is an action for monetary damages arising out of a lumber sales contract between the plaintiff-buyer, The Fortis Corporation and the defendant-seller, Northeast Forest Products. The complaint alleges that defendant shipped an inferior grade of lumber to plaintiff, and in so doing, materially breached the sales contract and breached the specific warranty of fitness for intended use. The defendant answered, denying the material allegations of the complaint.

The action was tried by the District Court Judge sitting without a jury. Apparently both the plaintiff and the defendant presented evidence at the trial. However, the record is devoid of any reference to that evidence. The trial court made findings of fact to the effect that defendant contracted with the plaintiff to deliver No. 3 common grade cedar siding and instead delivered siding marked "utility." Upon these findings, the court concluded as a matter of law that defendant materially breached the contract and delivered lumber that was not fit for the purpose intended by the plaintiff. Defendant was ordered to pay plaintiff damages in the sum of the purchase price, less a credit given for satisfactory lumber, plus interest as allowed by law from the date of judgment. Defendant appeals.

*John Edward Gehring, for defendant appellant.*

*Stover, Dellinger & Browder, by James L. Dellinger, Jr., for plaintiff appellee.*

JOHNSON, Judge.

Defendant assigns error to the trial court's conclusions of law regarding material breach of contract and breach of specific warranty of fitness for intended use on the ground that the trial court's findings of fact were inadequate to support its conclusions of law. Defendant also assigns error to the award of monetary damages on the ground that the trial court failed to make sufficient factual findings and conclusions of law with respect to the issue of damages.

Initially, we note that defendant has failed to comply with the Rules of Appellate Procedure in preparing the brief supporting its position on the questions presented. App. R. 28(b)(5) provides that the body of the brief shall contain a reference to the assignments of error and exceptions pertinent to the question presented immediately following each question presented for review. Defendant has presented two questions for review in its brief; neither question is followed by the appropriate reference.

More serious, however, is defendant's failure to comply with App. R. 9 (b)(1) in making up the record on appeal. Under Rule 9 (b)(1), the record in a civil action shall contain "so much of the evidence, set out in the form provided in Rule 9 (c)(1), as is necessary for understanding of all errors assigned." Rule 9 (c)(1) permits counsel to set out the evidence in either narrative or question and answer form, or to utilize the complete stenographic transcript of the evidence in the trial tribunal for this purpose. Defendant has chosen to do neither in this case.

The general rule is that in making findings of fact, the trial court is required only to make brief, pertinent and definite findings and conclusions about the matters in issue, but need not make a finding on every issue requested. *Trotter v. Hewitt*, 19 N.C. App. 253, 198 S.E. 2d 465, *cert. denied*, 284 N.C. 124, 199 S.E. 2d 663 (1973). A finding of such essential facts as lay a basis for the decision is sufficient under G.S. 1A-1, Rule 52 (a). *Id.* Further, the trial court's findings of fact have the force and effect of a ver-

dict by a jury and are conclusive on appeal if there is evidence to support them, even though the evidence might sustain findings to the contrary. *Distributing Corp. v. Schofield*, 44 N.C. App. 520, 261 S.E. 2d 688 (1980). Therefore, in order to understand the errors defendant assigns, it is necessary for this Court to determine if there is *any* evidence to support the disputed findings and conclusions. Defendant's rule violations effectively preclude such review by this Court.

It is incumbent upon the appellant to see that the record on appeal is properly made up and transmitted to the appellate court. *West v. Reddick, Inc.*, 48 N.C. App. 135, 268 S.E. 2d 235 (1980), *rev'd on other grounds*, 302 N.C. 201, 274 S.E. 2d 221 (1981). The Rules of Appellate Procedure are mandatory and failure to follow the rules subjects appeal to dismissal. *Marsico v. Adams*, 47 N.C. App. 196, 266 S.E. 2d 696 (1980). Defendant's rule violations have precluded the possibility of effective appellate review of the questions presented and this appeal must, accordingly, be

Dismissed.

Judges WELLS and BECTON concur.