DAVID ARLIN MILLER v. CYNTHIA JOYCE MILLER

No. 8823DC176

(Filed 20 December 1988)

**Appeal and Error § 41— motion to modify child custody—failure to record hearing —absence of evidence from record on appeal—dismissal of appeal**

A hearing on a motion in the cause requesting a modification of a child custody order was a "trial" which was required by N.C.G.S. § 7A-198 to be recorded, but the trial court's failure to have the hearing recorded did not relieve appellant of her burden to set forth the necessary evidence in the record on appeal in accordance with Appellate Rule 9(a)(1)(v) and to show prejudicial error. The appeal must be dismissed where a review of the evidence presented at the hearing was essential for the appellate court to make a proper determination of the issues raised by appellant but appellant failed to set forth evidence in the record on appeal by reconstructing the testimony with the assistance of those persons present at the hearing.

Judge ORR dissenting.

APPEAL by defendant from *Gregory (Edgar B.), Judge.* Order entered 6 October 1987 in District Court, ASHE County. Heard in the Court of Appeals 7 September 1988.

Plaintiff and defendant were married in 1968 and divorced in 1987. During their marriage, they had four children. In July 1984 for the second time in the marriage, defendant suddenly without notice left the marital home and moved out of state. On 24 August 1984, plaintiff filed a complaint requesting legal and primary custody of the couple's four children. Notice of service by publication was filed on 28 August but defendant failed to appear at the scheduled hearing. On 19 October 1984, the district court granted primary custody of the children to plaintiff. Defendant subsequently filed an answer to plaintiff's complaint on 30 November. On 13 December 1984 the couple entered into a consent judgment

which provided *inter alia* that principal custody of the minor child Dennis Miller would alternate between plaintiff and defendant for three-month intervals until Dennis reached school age at which time a re-evaluation would be made. On 10 April 1987, plaintiff and defendant entered into another consent judgment dealing in part with marital property. This judgment further stated that the custody arrangement for the children would remain unchanged. Subsequently, on 22 July 1987 defendant, without notice or permission, took Dennis Miller and moved to Missouri. Plaintiff then filed a motion in the cause seeking custody of Dennis Miller. Pending service of the motion on defendant and a complete hearing on the merits of the case, temporary custody was granted to defendant on 24 July 1987. Notice of Service of Process by Publication was filed on 14 August 1987 and defendant was personally served with a summons on 18 September. At the hearing on 2 October, defendant appeared in court unrepresented by an attorney. The court was informed that three days prior to the hearing the attorney who had previously represented defendant contacted plaintiff's attorney and told him that he would not represent defendant at the hearing. At the hearing, defendant made a motion for a continuance so that she could hire an attorney. The court denied the motion and subsequent to the hearing, which was not transcribed or electronically recorded, granted custody of Dennis Miller to plaintiff. Defendant appeals.

*John T. Kilby for plaintiff-appellee.*

*Hall and Brooks, by W. Andrew Jennings, for defendant-appellant.*

SMITH, Judge.

In her assignments of error, defendant contends that the trial court erred in 1) refusing to grant defendant's motion for a continuance; 2) failing to record the trial proceedings; 3) granting custody of Dennis Miller to plaintiff after finding that plaintiff had in the past abused the couple's two daughters; and 4) granting custody of Dennis Miller to plaintiff in that no substantial change in circumstances had occurred which would warrant changing custody. Defendant has not taken exception to any conclusion of law or to the entry and signing of judgment. In her case on appeal, defendant failed to set forth the evidence pre-

sented at the hearing as required by App. R. 9(a)(1)(v). This rule requires that a record on appeal contain

> so much of the evidence, set out in the form provided in Rule 9(c)(1), as is necessary for an understanding of all errors assigned, or a statement specifying that the entire verbatim transcript of proceedings is being filed with the record pursuant to Rule 9(c)(2), or designating portions of the transcript to be so filed.

It is the appellant's responsibility to make sure that the record on appeal is complete and in proper form. *Fortis Corp. v. Northeast Forest Products*, 68 N.C. App. 752, 315 S.E. 2d 537 (1984). Rules of appellate procedure are mandatory and failure to follow these rules can result in dismissal. *Id.*

A review of the evidence presented at the 2 October 1987 hearing is essential for this Court to make a proper determination of the issues raised by defendant. In *McAlister v. McAlister*, 14 N.C. App. 159, 187 S.E. 2d 449, *cert. denied*, 281 N.C. 315, 188 S.E. 2d 898 (1972), a case in which defendant argued that the trial court erred in denying his motion to have the proceedings recorded by a court reporter, this Court held that the moving party must show that failure to record the judicial proceedings prejudiced him in some way. *Id. See also Howell v. Howell*, 19 N.C. App. 260, 198 S.E. 2d 462 (1973). Without the evidence, a determination as to whether defendant was prejudiced in any way is impossible. Likewise, a determination as to whether the trial court's findings are supported by the evidence requires a review of the evidence presented at the hearing.

> [T]he trial court's findings of fact have the force and effect of a verdict by a jury and are conclusive on appeal if there is evidence to support them, even though the evidence might sustain findings to the contrary. . . . Therefore, in order to understand the errors defendant assigns, it is necessary for this Court to determine if there is *any* evidence to support the disputed findings and conclusions. Defendant's rule violations effectively preclude such review by this Court.

*Fortis Corp.*, 68 N.C. App. at 753-54, 315 S.E. 2d at 538. (Citation omitted) (emphasis in original). Additionally, a review of the evidence is necessary for this Court to properly determine whether

the trial court erred in denying the motion for a continuance. A motion for a continuance is not *ipso facto* allowed when a party's attorney withdraws. *Williams and Michael v. Kennamer*, 71 N.C. App. 215, 321 S.E. 2d 514 (1984). "[A] motion to continue is addressed to the sound discretion of the trial judge." *Shankle v. Shankle*, 289 N.C. 473, 483, 223 S.E. 2d 380, 386 (1976). In deciding whether to grant the motion a court should "hear the evidence pro and con, consider it judicially and . . . 'consider all the facts in evidence . . . . [A] denial of the motion is not an abuse of discretion where the evidence introduced on the motion for a continuance is conflicting or insufficient.'" *Id.* at 483, 223 S.E. 2d at 386 (citation omitted). Without a narration of the evidence or reasons presented in support of the motion to continue, it is not possible for this Court to determine whether the trial judge abused his discretion.

Further, we hold that a hearing on a motion in the cause requesting a modification of a child custody order is a "trial" within the meaning of G.S. 7A-198. Defendant is correct in her contention that G.S. 7A-198 was violated by not preserving or recording the hearing as required by the statute. We strongly disapprove of the failure to comply with the mandate of G.S. 7A-198. However, this violation of the statute does not relieve defendant of her burden of complying with App. R. 9(a)(1)(v) and showing prejudicial error. *See In re Peirce*, 53 N.C. App. 373, 281 S.E. 2d 198 (1981).

"Defendant's rule violation[] [has] precluded the possibility of effective appellate review of the questions presented and the appeal, must accordingly, be [d]ismissed." *Fortis*, 68 N.C. App. at 754, 315 S.E. 2d at 538. We note that means were available for defendant to compile a narration of the evidence, i.e., reconstructing the testimony with the assistance of those persons present at the hearing. If appellee was then to contend the record on appeal was inaccurate in any respect, that matter could be resolved by the trial judge in settling the record on appeal. App. R. 11.

For the foregoing reasons, defendant's appeal is

Dismissed.

Judge GREENE concurs.

Judge ORR dissents.

Wilson v. State Residence Committee of U.N.C.

Judge ORR dissenting.

I agree with the majority's conclusion that defendant is correct in contending that G.S. 7A-198 was violated by the court's failure to preserve or record the trial as required by statute. However, in my opinion, this failure constitutes sufficient prejudice to warrant reversal.

It is an unworkable and unfair result to dismiss this appeal for failure to provide a transcript of the trial. The appellant was required to try the case without counsel due to the trial court's denial of her motion to continue. The trial court failed to record the trial and appellant had no knowledge of her right to have it recorded. To require a layperson and an attorney who was not involved in the trial of this case to attempt to reconstruct the testimony of the trial or face dismissal of the appeal is to push the Rules of Appellate Procedure to a new technical high. I vote to reverse and remand the case for a new trial.