LORETTA E. HOLTERMAN (GAMBLE), Plaintiff v. WILLIAM G. HOLTERMAN, Defendant

COA96-1034

(Filed 5 August 1997)

**1. Courts § 111 (NCI4th)— district court—recordation of trial—waiver absent request**

In district court where there are no official court reporters, a party seeking recordation of a hearing or trial must request a reporter or mechanical recordation; if the party makes no request, Rule 10(b)(1) prevents the issue from being raised on appeal. N.C. R. App. P. 10(b)(1).

**2. Divorce and Separation § 121 (NCI4th)— equitable distribution—investments—inheritances—inability to trace—marital property**

The trial court did not err in classifying all of the parties' investments as marital property where plaintiff had received two sizeable inheritances during the parties' marriage but was unable to trace her inheritances to present assets jointly owned by the parties at the time of separation, and the evidence at trial indi-

cated that plaintiff intended her inheritances to be a gift to the marital estate.

3. **Divorce and Separation § 161 (NCI4th)— equitable distribution—unequal division—statutory distributional factors—no abuse of discretion**

In an action for equitable distribution, the trial court did not abuse its discretion by awarding plaintiff wife only 59% of the marital estate where the court determined that an equal division of marital property was not equitable pursuant to N.C.G.S. § 50-20(c) and it properly considered the statutory factors which were applicable to the parties.

Appeal by plaintiff from orders entered 28 May 1996, 19 July 1996 and 23 July 1996 by Judge Clarence E. Horton, Jr., in Cabarrus County District Court. Heard in the Court of Appeals 30 April 1997.

*Ellis M. Bragg for plaintiff appellant.*

*Ferguson & Scarbrough, P.A., by James E. Scarbrough, for defendant appellee.*

COZORT, Judge.

Plaintiff-wife and defendant-husband were granted an absolute divorce on 26 July 1995. Both parties requested equitable distribution of the marital property. The parties' claims for equitable distribution were tried in district court on 13 March 1996, and an equitable distribution judgment was entered in this matter on 28 May 1996. On 5 June 1996, plaintiff requested a new trial on the issue of equitable distribution. Plaintiff based her motion on the ground that the trial was not recorded by a court reporter or by an electronic or other mechanical device. The trial court denied plaintiff's motion, and plaintiff filed notice of appeal to this Court. The central issue in this case is whether a party who does not protest at the time of trial that the trial is not being recorded is entitled to a new trial. Under these circumstances we hold that she is not.

Plaintiff and defendant had been married for almost 45 years. During the marriage, plaintiff inherited substantial sums from the estates of her father and aunt. In 1952, she inherited over $508,000 in assets from her father; in 1964, she inherited about $100,000 from her aunt. The parties maintained various checking, savings and brokerage accounts during their marriage. All of plaintiff's inheritances

HOLTERMAN v. HOLTERMAN

[127 N.C. App. 109 (1997)]

were commingled with the funds defendant earned as well as with proceeds from the sales of a succession of homes. During the marriage all of the parties' property was jointly held. Plaintiff did not work outside of the home, and defendant worked the entire marriage until his retirement in 1980. Throughout the course of his employment, defendant earned about $700,000.

At the time of her trial, plaintiff did not request a court reporter or other mechanical recording of the trial. In addition, plaintiff made no objection that such trial was not being recorded. At trial, the only witnesses were plaintiff and her husband, the defendant. After trial, the court issued an order dividing the marital property with 59% going to the plaintiff-wife and 41% to the defendant-husband. Plaintiff, dissatisfied with the way the property was divided, hired a new lawyer, filed a Rule 59 motion for rehearing and notice of appeal.

In her affidavit in support of her motion for rehearing, plaintiff set forth the errors she maintained the trial court made in its findings of fact. Defendant's trial attorney responded with an affidavit setting forth his recollection of the evidence. At the hearing on the motion, the trial court considered the affidavits and arguments of the parties and ruled that no cause had been shown for relief from judgment on the basis of mistake, inadvertence, surprise or excusable neglect. Plaintiff again filed notice of appeal to this Court. The parties could not agree on the narration of trial evidence to be included in the record on appeal. At a hearing to settle the record on appeal, the trial court ruled that plaintiff's narration of the trial evidence was inaccurate. The court marked deletions and additions to the narration. Plaintiff also took exception to the lower court's order settling the record on appeal.

Plaintiff brings forward eight arguments on appeal. The substance of plaintiff's objections to the trial court's order dividing the marital property and further orders is that the court did not classify the parties' stocks, bonds and bank accounts as plaintiff's separate property. Plaintiff raises this issue in two ways: (1) by arguing that, since the trial was not recorded, no one accurately remembers her testimony that all of these items were purchased with her various inheritances and were never intended to be a gift to defendant; and (2) by arguing that the court erred by classifying these investments as marital property and by giving her a "mere" 59% of the marital estate when her inheritances contributed much more to the marital estate.

**[1]** We first address plaintiff's arguments concerning no recording of the trial. N.C. Gen. Stat. § 7A-198(a) (1995) provides that "[c]ourt reporting personnel shall be utilized, if available" and that if court reporting is not available, then electronic devices shall be used. The statute goes on to provide, however, that reporting may be waived. N.C. Gen. Stat. § 7A-198(d). The cases dealing with recordation all indicate that it is not necessarily reversible error for the hearing or trial to go unrecorded. *McAlister v. McAlister*, 14 N.C. App. 159, 187 S.E.2d 449, *cert. denied*, 281 N.C. 315, 188 S.E.2d 898 (1972); *In re Nolen*, 117 N.C. App. 693, 696, 453 S.E.2d 220, 222 (1995).

At trial, appellant never requested a court reporter. In order to preserve a question for appellate review a party must first raise the issue at trial. The complaining party

> must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context.

N.C.R. App. P. 10(b)(1) (1997). We hold that in district court, where there are no official court reporters, a party seeking recordation of a hearing or trial must request a reporter or mechanical recordation. If the party makes no request, then Rule 10(b)(1) prevents the issue from being raised on appeal. Therefore, we decline to address any of plaintiff's arguments as to recordation, finding she did not properly preserve the issue for appeal.

**[2]** The essence of plaintiff's remaining assignments make the argument that the parties' investments should have been distributed to plaintiff as her separate property. We affirm the trial court. N.C. Gen. Stat. § 50-20(a) (1995) requires the court to classify the parties' property as marital or separate. N.C. Gen. Stat. § 50-20(b)(2) defines separate property:

> "Separate property" means all real and personal property acquired by a spouse before marriage or acquired by a spouse by bequest, devise, descent, or gift during the course of the marriage. However, property acquired by gift from the other spouse during the course of the marriage shall be considered separate property only if such an intention is stated in the conveyance. Property acquired in exchange for separate property shall remain separate property regardless of whether the title is in the name of the husband or wife[,] or both[,] and shall not be considered to be

marital property unless a contrary intention is expressly stated in the conveyance. The increase in value of separate property and the income derived from separate property shall be considered separate property.

A trial court's determination that property is to be labeled marital or separate will not be disturbed on appeal if there is competent evidence to support the determination. *Minter v. Minter,* 111 N.C. App. 321, 329, 432 S.E.2d 720, 725, *disc. review denied,* 335 N.C. 176, 438 S.E.2d 201 (1993). We have reviewed the narration of the parties' testimony, the exhibits, and the record on appeal and find that the court did not err in classifying all the parties' investments as marital property.

In *Minter,* defendant-husband presented evidence that he received various inheritances of investment securities. Defendant argued that two stock trading accounts, three bank accounts, commercial real estate, and some personal property purchased during the marriage were purchased with funds from the sale of his inherited stocks. *Id.* at 323-24, 432 S.E.2d at 722. There was no dispute that the contested assets were acquired during the marriage. This Court found that "[o]nce this showing [that the assets were acquired during the marriage] had been made, the burden of proof necessary to show that the assets were marital had been met. The burden therefore shifted to the defendant husband to show that the source of the contested property was separate property[.]" *Id.* at 327, 432 S.E.2d at 724. In *Minter,* defendant testified that he could not trace all of the various assets he inherited to the assets he and his wife owned on the date of separation. *Id.* at 328, 432 S.E.2d at 725. Defendant placed funds from various sources into the various accounts, and from these accounts other investments were purchased, including the other contested assets. *Id.* at 323, 432 S.E.2d at 722. As in *Minter,* the contested assets in the present case were acquired during the marriage. There is competent evidence in the record to support the court's determination that the plaintiff failed to carry her burden of proof to show that the investments of the parties were separate property. Plaintiff was unable to trace her inheritances to the present assets owned jointly by the parties at the time of separation.

In addition, the trial court found that the plaintiff intended her inherited assets to be a gift to the marital estate. This finding is amply supported by the evidence. Our Supreme Court has held that the marital gift presumption is appropriate as an aid in construing N.C. Gen.

Stat. § 50-20(b)(2). "Donative intent is properly presumed when a spouse uses separate funds to furnish consideration for property titled as an entireties estate." *McLean v. McLean*, 323 N.C. 543, 551, 374 S.E.2d 376, 381 (1988). This presumption is rebuttable only by clear, cogent, and convincing evidence. *Id.* Plaintiff offered no evidence to rebut the gift presumption. Further the evidence indicates an unmistakable intention on plaintiff's part to make a gift of her property. The parties kept no separate accounts, commingled the funds received by plaintiff with the earnings and inheritance of defendant, and purchased investment securities in both parties' names. The parties took vacations, sent their children to private schools, their son to medical school and generally maintained a high standard of living. Portions of plaintiff's inheritance were used by the parties for all of these expenses.

[3] Finally, plaintiff argues that even if the investment securities are marital property, the contribution of her inheritance to the marital estate should be considered as a "distributional factor." If it is so considered, plaintiff argues the trial court abused its discretion by awarding her a mere 59% of the marital estate. When a court in its discretion determines that an equal division of marital property is not equitable, N.C. Gen. Stat. § 50-20(c) requires that the court consider the distributional factors set forth in the statute. The trial court's order sets forth its findings as to all the statutory factors which are applicable to these parties. The parties' children are grown, and their pensions are vested. The property involved in the Equitable Distribution action was liquid and easy to valuate. The plaintiff's arguments as to factors the court failed to consider fall short. We hold the court properly considered all the statutory factors.

Where a trial court has considered and made findings as to each of the specified factors set forth in N.C. Gen. Stat. § 50-20(c), our review is to determine whether the trial court abused its discretion. *White v. White*, 312 N.C. 770, 324 S.E.2d 829 (1985). We find no abuse here. Based on its findings, the court determined that an unequal division of the marital assets would be equitable and that the plaintiff should receive 59% of the marital estate. The trial court's orders are

Affirmed.

Judges MARTIN, John C., and McGEE concurred in this opinion prior to 31 July 1997.