An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA14-1274

Filed: 20 October 2015

North Carolina Industrial Commission, I.C. No. TA-23162

HERMAN V. TATE

v.

NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY

Appeal by Plaintiff from decision and order entered by the North Carolina Industrial Commission on 31 July 2014. Heard in the Court of Appeals 28 September 2015.

> *Herman V. Tate, pro se.*

> *Attorney General Roy Cooper, by Associate Attorney General Marc X. Sneed, for the State.*

INMAN, Judge.

Plaintiff Herman V. Tate ("Plaintiff") purports to appeal *pro se* from an order of the North Carolina Industrial Commission ("the Commission"), allowing his claim pursuant to the Tort Claims Act and ordering the North Carolina Department of Public Safety ("DPS" or "Defendant") to pay him $200.00 in damages. Because the record on appeal does not contain a copy of Plaintiff's notice of appeal, we dismiss the appeal.

**Factual and Procedural Background**

Plaintiff, an inmate, filed a Tort Claim Action alleging that DPS employees were negligent in destroying his family photographs. Deputy Commissioner George T. Glenn, II, denied Plaintiff's claim, and Plaintiff appealed to the Full Commission. By Decision and Award filed 31 July 2014, the Full Commission reversed the Deputy Commissioner and ordered DPS to pay Plaintiff $200.00 for the value of property lost due to the negligence of DPS's employees. The Commission acknowledged receipt of Plaintiff's notice of appeal on 7 August 2014.

**Analysis**

Generally, when an appellant fails to follow the Rules of Appellate Procedure, the consequence is dismissal of the appeal. "[R]ules of procedure are necessary . . . in order to enable the courts properly to discharge their dut[y] of resolving disputes." *Dogwood Dev. & Mgmt. Co. v. White Oak Transp. Co.*, 362 N.C. 191, 193, 657 S.E.2d 361, 362 (2008) (citation and internal quotation marks omitted). "Compliance with the rules, therefore, is mandatory." *Id.* at 194, 657 S.E.2d at 362. It is an appellant's duty to ensure we have a complete and accurate record before us. *Fortis Corp. v. Northeast Forest Products*, 68 N.C. App. 752, 754, 315 S.E.2d 537, 538-39 (1984).

The record on appeal does not include a copy of Plaintiff's notice of appeal to this Court. As such, Plaintiff did not comply with N.C.R. App. P. 3(a), which requires that an appellant give notice of appeal and N.C.R. App. P. 9(a)(1)i, which dictates

that the record shall include a copy of the notice of appeal. *See* N.C.R. App. P. 3(a) and 9(a)(1)(i)(2015). Plaintiff's failure to comply with Rule 3 of the North Carolina Rules of Appellate Procedure constitutes a jurisdictional default and is fatal to his appeal. *Dogwood*, 362 N.C. at 197, 657 S.E.2d at 365 ("The provisions of Rule 3 are jurisdictional, and failure to follow the rule's prerequisites mandates dismissal of an appeal." (internal quotation marks and citation omitted)). Because the record on appeal does not show this Court has jurisdiction to hear Plaintiff's appeal, we allow Defendant's Amended Motion to Dismiss.[1]

Further, we decline to treat Plaintiff's brief as a petition for writ of certiorari. *See* N.C.R. App. P. 21 (2015). In his brief, Plaintiff contends the $200.00 fails to adequately compensate him for his loss of family photographs; however, Plaintiff provides no citations or references to any legal authority, nor does he make any meaningful legal argument. *See* N.C.R. App. P. 28(b)(6) (2015) ("[t]he body of the argument and the statement of applicable standard(s) of review shall contain citations of the authorities upon which the appellant relies.").

We are aware that Plaintiff is acting *pro se* in this matter, but that status does not permit gross violations of the rules. *See Strauss v. Hunt*, 140 N.C. App. 345, 348-49, 536 S.E.2d 636, 639 (2000) ("[E]ven *pro se* appellants must adhere strictly to the

---

[1] In allowing Defendant's Amended Motion to Dismiss, we deny Defendant's initial Motion to Dismiss as moot.

Rules of Appellate Procedure (the Rules) or risk sanctions.") (citing N.C.R. App. P. 25(b)). Accordingly, the appeal is dismissed.

DISMISSED.

Judges STROUD and DAVIS concur.

Report per Rule 30(e).