646 S.E.2d 411 (2007)
In the Matter of L.B.
No. COA06-1295.
Court of Appeals of North Carolina.
July 3, 2007.
E.B. Borden Parker, Goldsboro, for Wayne County Department of Social Services, petitioner-appellee.
Jeremy B. Smith, Goldsboro, for Guardian ad Litem.
Jeffrey L. Miller, Greenville, for respondent-mother-appellant.
JACKSON, Judge.
Tracie B. ("respondent") is the mother of L.B., the juvenile who is the subject of this appeal.[1] For the following reasons, we affirm in part and reverse in part the trial court's order.
By nonsecure custody order dated 17 August 2004, L.B. was placed in the custody of the Wayne County Department of Social Services ("DSS"). The nonsecure custody order was based on a juvenile petition, signed and verified on 19 August 2004, alleging that L.B. was neglected and dependent. On 23 November 2005, the trial court filed a permanency planning order, and respondent appealed to this Court. See In re L.B., ___ N.C.App. ___, 639 S.E.2d 23 (2007). As such, the facts of this case are stated in detail in the earlier opinion.
Subsequent to the trial court's 23 November 2005 order but before the 2 January 2007 filing of this Court's opinion in respondent's prior appeal, the trial court entered an order on 28 February 2006 following a review hearing on 26 January 2006. In that order, the trial court changed the permanent plan from reunification with respondent to guardianship with L.B.'s custodians, Steven and Doris Johnson ("the Johnsons"). The trial court left respondent's visitation to the Johnsons' discretion and determined that there was no *413 need for further review hearings. Thereafter, respondent filed notice of appeal.
In her first argument, respondent contends that because the initial juvenile petition was not signed and verified until 19 August 2004, two days after the order for nonsecure custody was filed and one day after the summons was issued, all subsequent orders, including the 28 February 2006 review order, should be vacated for lack of subject matter jurisdiction. In respondent's prior appeal, however, this Court held that although "the trial court did not have jurisdiction when the order for nonsecure custody was filed and summons was issued," the trial court nevertheless acquired subject matter jurisdiction once the juvenile petition was signed and verified in accordance with North Carolina General Statutes, sections 7B-403 and 7B-405. L.B., ___ N.C.App. at ___, 639 S.E.2d at 29. "Therefore, the trial court had authority to enter its permanency planning order." Id. As the holding in respondent's prior appeal with respect to this jurisdictional issue is the law of the case, see N.C. Nat'l Bank v. Va. Carolina Builders, 307 N.C. 563, 566, 299 S.E.2d 629, 631 (1983), we hold that the trial court possessed subject matter jurisdiction to enter the 28 February 2006 review order. Accordingly, respondent's first assignment of error is overruled.
In her second argument, respondent contends that the trial court erred: (1) in failing to comply with the mandates of North Carolina General Statutes, section 7B-906 before waiving further review hearings; (2) in delegating judicial responsibility for visitation to L.B.'s custodians; (3) in considering and incorporating reports and summaries submitted by DSS and the guardian ad litem; (4) in making findings which recited testimony or statements of the court; (5) in calling respondent as a witness at the review hearing; and (6) in findings of fact numbers 19 and 21 through 25, on the grounds that they are not supported by competent evidence and, in turn, do not support the court's conclusions. We review these arguments in the order presented.
First, respondent contends that the trial court failed to comply with North Carolina General Statutes, section 7B-906(b). We agree.
Pursuant to North Carolina General Statutes, section 7B-906(a), "[i]n any case where custody is removed from a parent, guardian, custodian, or caretaker the court shall conduct a review hearing within 90 days from the date of the dispositional hearing and shall conduct a review hearing within six months thereafter." N.C. Gen.Stat. § 7B-906(a) (2005). The trial court, however, may dispense with review hearings if the court finds the following by clear, cogent, and convincing evidence:
(1) The juvenile has resided with a relative or has been in the custody of another suitable person for a period of at least one year;
(2) The placement is stable and continuation of the placement is in the juvenile's best interests;
(3) Neither the juvenile's best interests nor the rights of any party require that review hearings be held every six months;
(4) All parties are aware that the matter may be brought before the court for review at any time by the filing of a motion for review or on the court's own motion; and
(5) The court order has designated the relative or other suitable person as the juvenile's permanent caretaker or guardian of the person.
N.C. Gen.Stat. § 7B-906(b) (2005). Failure to find all of these criteria constitutes reversible error. See In re R.A.H., ___ N.C.App. ___, ___, 641 S.E.2d 404, 410 (2007).
Preliminarily, we note that the statute does not state whether the trial court must make the required findings in writing. "In matters of statutory construction, our task is to determine the intent of the General Assembly." In re T.R.P., 360 N.C. 588, 600, 636 S.E.2d 787, 796 (2006). Written findings of fact will ensure that the trial court, before waiving the holding of further review hearings, carefully considers each of the five enumerated factors in section 7B-906(b). Such findings also will provide an opportunity for meaningful appellate review. See Sain v. Sain, 134 N.C.App. 460, 466, 517 S.E.2d 921, *414 926 (1999) (mandating that the "trial court must enter written findings of fact" when the controlling statute only required that "the court shall make findings of fact."). Accordingly, we hold that the trial court must make written findings of fact satisfying each of the enumerated criteria in section 7B-906(b).
In the instant case, the trial court complied with portions of section 7B-906. First, section 7B-906(b)(2) required that the trial court find that "[t]he placement is stable and continuation of the placement is in [L.B.'s] best interests." N.C. Gen.Stat. § 7B-906(b)(2) (2005). The trial court found as fact the following:
25. That the best interest of permanence for the children, even though this is not a permanency planning hearing, is to leave the children where they are safe.
26. That Steven and Doris Johnson continue to be fit and proper persons to have custody of the juvenile.
These findings were supported by competent evidence. Specifically, the guardian ad litem's report states that "[t]he Johnsons provide a loving, stable home for these children [including L.B.] and offer them love and parental guidance, which is what the children need." The DSS report echoed the guardian ad litem's statement, noting that "[t]he children continue to do well in their current placement" and "[t]he children . . . finally have some stability." Accordingly, the trial complied with section 7B-906(b)(2).
The trial court also complied with section 7B-906(b)(5), which required the trial court to find that the custody order designated L.B.'s "permanent caretaker or guardian of the person." N.C. Gen.Stat. § 7B-906(b)(5) (2005). Specifically, the trial court satisfied section 7B-906(b)(5) with findings of fact numbers 2 and 3, in which the court found that the Johnsons were L.B.'s custodians and "[t]hat the custodians were designated as guardians of the juvenile on October 27, 2005."
The trial court, however, failed to make findings with respect to sections 7B-906(b)(1), (3), and (4). First, pursuant to section 7B-906(b)(1), the trial court was required to find that L.B. had resided with a relative or been in the custody of another suitable person for at least one year. See N.C. Gen.Stat. § 7B-906(b)(1) (2005). The trial court found that the juveniles continue to reside with the Johnsons, who were designated as their guardians. However, the statute expressly requires a finding that L.B. was in the custody of a relative or suitable person for at least one year, and the trial court failed to make such a finding.
Next, section 7B-906(b)(3) required the trial court to find that neither L.B.'s best interests nor the rights of any other party, including respondent, required the continued holding of review hearings every six months. See N.C. Gen.Stat. § 7B-906(b)(3) (2005). The trial court made the following findings of fact:
9. That [respondent] had an opportunity to call witnesses and did not do so.
. . . .
12. That [respondent] was previously ordered to bring all the belongings of the juvenile and the half siblings . . . to the children but has not done so.
13. That [respondent] informed the Court that she does not have any of the possessions of the juveniles.
. . . .
19. That [respondent] did not bring a Christmas present for this juvenile when she brought Christmas presents for the half siblings of the juvenile. . . .
. . . .
21. That [respondent] calls on Tuesdays, but the juvenile and the half sister of the juvenile do not want to talk to [respondent].
22. That [respondent] refuses to go to the home of the custodians.
23. That . . . [respondent] refuses to go to Johnston County.
24. That the Court informed [respondent] that it was her responsibility to see her children and not the responsibility of the Johnsons to transport the children.
These findings were supported by competent evidence. Nevertheless, the trial court must make a written finding that neither L.B.'s best interests nor the rights of any other party, including respondent, require the continued *415 holding of review hearings every six months. In the instant case, the trial court failed to do so as required by section 7B-906(b)(3).
Finally, section 7B-906(b)(4) requires the trial court to find that all parties are aware that a review may be held at any time by the filing of a motion for review or on the court's own motion. See N.C. Gen.Stat. § 7B-906(b)(4) (2005). The trial court made no such finding of fact and, indeed, the court sent the contrary signal to respondent by expressly relieving respondent's trial counsel of any further responsibility in the matter without explaining to respondent that she either could seek to have her counsel reappointed or could file motions pro se with the court. In sum, the record is devoid of any finding that respondent was aware that she was entitled to another review hearing by filing a motion for review.
As the trial court's order fails to satisfy the requirements of sections 7B-906(b)(1), (3), and (4), we reverse on this issue and remand the case to the trial court to issue a new order with written findings of fact consistent with this opinion and the requirements of section 7B-906(b).
Respondent next contends that the trial court erred in leaving respondent's visitation rights to the discretion of the Johnsons. On 16 January 2007, the guardian ad litem filed a motion to dismiss this portion of respondent's brief on the grounds that the issue is moot. Specifically, the guardian ad litem noted that the language in the instant review order concerning visitation is substantively identical to the portion of the 27 October 2005 permanency planning order, which this Court reversed in respondent's prior appeal. See L.B., ___ N.C.App. at ___, 639 S.E.2d at 32 ("[W]e hold that the trial court erred by leaving visitation within the discretion of the Johnsons."). On 31 January 2007, this Court granted the guardian ad litem's motion to dismiss respondent's brief in part, ruling that respondent's appeal as to the visitation issue has been rendered moot. Accordingly, we decline to review this argument.
Next, respondent argues that the trial court erred in considering and incorporating reports submitted by DSS and the guardian ad litem. Respondent made this identical argument in her prior appeal, and this Court held that "the trial court properly incorporated DSS and guardian ad litem reports and properly made findings of fact . . . based on these reports." Id. at ___, 639 S.E.2d at 33. Similarly, in the trial court's 28 February 2006 review order, the court incorporated reports submitted by DSS and the guardian ad litem, but also made numerous independent findings of fact. As such, the trial court did not improperly delegate its fact-finding duty. Respondent's assignment of error is overruled.
In her next argument, respondent challenges findings of fact numbers 13, 15 through 18, 20, and 24 on the grounds that the trial court simply recited respondent's statements and the court's statements at the hearing. We disagree.
Preliminarily, we note that two of the findings of fact to which respondent assigns error simply state that the trial court called a witness to testify. In finding of fact number 18, the court found "[t]hat the Court called the mother as a witness," and in finding of fact number 20, the court found "[t]hat the Court also called Doris Johnson as a witness." These findings do not constitute recitation of testimony or statements of the trial court.
As this Court has noted, "verbatim recitations of the testimony of each witness do not constitute findings of fact by the trial judge, because they do not reflect a conscious choice between the conflicting versions of the incident in question which emerged from all the evidence presented." In re Green, 67 N.C.App. 501, 505 n. 1, 313 S.E.2d 193, 195 (1984) (emphasis in original). Respondent is correct that findings of fact numbers 13, 15, 16, 17, and 24 are recitations of statements made during the review hearing.[2] However, notwithstanding the five findings of fact that constitute recitation of testimony and statements *416 by the trial court, the remaining findings of fact adequately support the trial court's conclusions. See In re S.W., 175 N.C.App. 719, 724, 625 S.E.2d 594, 597 ("[W]e hold that the remaining findings of fact are more than sufficient to support the trial court's conclusions of law complained of by respondent."), disc. rev. denied, 360 N.C. 534, 635 S.E.2d 59 (2006). Accordingly, respondent's assignment of error is overruled.
Next, respondent contends that the trial court erred in calling respondent as a witness at the review hearing. Respondent alleges that the trial judge acted as an adverse party in calling respondent as a witness,[3] and that as a result of the trial court's alleged impartiality, the review order should be reversed. We disagree.
Pursuant to Rule 614 of the North Carolina Rules of Evidence, "[t]he court may, on its own motion or at the suggestion of a party, call witnesses, and all parties are entitled to cross-examine witnesses thus called." N.C. Gen.Stat. § 8C-1, Rule 614(a) (2005). Furthermore, "[t]he court may interrogate witnesses, whether called by itself or by a party." N.C. Gen.Stat. § 8C-1, Rule 614(b) (2005). A trial court's actions pursuant to Rule 614 are reviewed under an abuse of discretion standard. See State v. Bethea, 173 N.C.App. 43, 52, 617 S.E.2d 687, 693 (2005).
As this Court has noted, "[trial] [c]ourts . . . rarely call witnesses, and rightly so because it is hard for judges to maintain impartiality while becoming an active participant in summoning witnesses." Grasty v. Grasty, 125 N.C.App. 736, 740, 482 S.E.2d 752, 754-55 (internal quotation marks and citation omitted), disc. rev. denied, 346 N.C. 278, 487 S.E.2d 545 (1997). However, the danger of impartiality is relevant primarily in a jury trial. This is underscored by the commentary to Rule 614, which provides that "[t]he court may not in calling or interrogating a witness do so in a manner as to suggest an opinion as to the weight of the evidence or the credibility of the witness in violation of [North Carolina General Statutes, section] 15A-1222 or Rule 51(a) [of the Rules of Civil Procedure]." N.C. Gen.Stat. § 8C-1, Rule 614 cmt. (2005).[4] In a bench proceeding, such as the review hearing in the case sub judice, there is no danger in the trial court suggesting an opinion as to the weight of the evidence or the credibility of certain witness as the trial court is the ultimate arbiter of such issues. See In re P.L.P., 173 N.C.App. 1, 14, 618 S.E.2d 241, 249 (2005), aff'd, 360 N.C. 360, 625 S.E.2d 779 (2006) (per curiam). Therefore, we hold that the trial court did not abuse its discretion in calling respondent as a witness, and accordingly, respondent's assignment of error is overruled.
Respondent next contends that the trial court erred in making findings of fact numbers 19 and 21 through 25, on the grounds that they are not supported by sufficient competent evidence and, in turn, do not support the court's conclusions of law. We disagree.
As stated supra with respect to respondent's argument concerning North Carolina General Statutes, section 7B-906(b), findings of fact numbers 19 and 21 through 25 are supported by competent evidence. In fact, respondent concedes in her brief that the DSS summary supports "the findings about the 2005 Christmas presents," i.e., finding of fact number 19. Further, these findings of fact demonstrate: (1) the lack of concern and love respondent has shown for L.B.; (2) the lack of interest L.B. has in maintaining a relationship with respondent; and (3) the stable, safe, and nurturing home that the Johnsons continue to provide for L.B. and her half-siblings. As such, these findings *417 fully support the trial court's conclusion "[t]hat the best interest of the juvenile will be promoted and served by continuing custody with Steven and Doris Johnson, who have been designated as guardians of the juvenile." Respondent's assignment of error, therefore, is overruled.
In her final argument, respondent contends that she has been denied due process because the tape recordings of the 26 January 2006 hearing were destroyed. We disagree.
Pursuant to North Carolina General Statutes, section 7B-806, "[a]ll adjudicatory and dispositional hearings shall be recorded by stenographic notes or by electronic or mechanical means." N.C. Gen.Stat. § 7B-806 (2005). As this Court has held, "[a] party, in order to prevail on an assignment of error under section 7B-806, must also demonstrate that the failure to record the evidence resulted in prejudice to that party." In re Clark, 159 N.C.App. 75, 80, 582 S.E.2d 657, 660 (2003).
This Court has stated that in situations "[w]here a verbatim transcript of the proceedings is unavailable, there are `means . . . available for [a party] to compile a narration of the evidence, i.e., reconstructing the testimony with the assistance of those persons present at the hearing.'" Id. at 80, 582 S.E.2d at 660 (quoting Miller v. Miller, 92 N.C.App. 351, 354, 374 S.E.2d 467, 469 (1988)). However, "where the appellant has done all that she can [] do [to reconstruct the transcript], but those efforts fail because of some error on the part of our trial courts, it would be inequitable to simply conclude that the mere absence of the recordings indicates the failure of appellant to fulfill that responsibility." Coppley v. Coppley, 128 N.C.App. 658, 663, 496 S.E.2d 611, 616, disc. rev. denied, 348 N.C. 281, 502 S.E.2d 846 (1998).
In the case sub judice, respondent filed a motion on 11 July 2006 for an extension of time to prepare the record on appeal. In her motion, respondent alleged that over two weeks prior, on 23 June 2006, the Wayne County Clerk's Office informed respondent's attorney on appeal that the electronic recordings of the 26 January 2006 review hearing had been destroyed by accident. Respondent alleged that "[b]ecause the tape recordings were erased, there can be no transcript of the hearing." Respondent sought to prepare a narrative of the review hearing, but anticipated that it would take at least thirty days to construct the narrative and approximately fifteen days thereafter to complete the proposed record on appeal. Ultimately, respondent requested until 30 August 2006 to serve a proposed record on appeal. On 14 July 2006, this Court extended the deadline to serve the proposed record on appeal until 15 August 2006 and stated that "[n]o further extensions of time shall be allowed in the absence of a showing of extraordinary cause." Four more weeks elapsed when on 11 August 2006, respondent's trial counsel sent a letter to respondent's appellate attorney, stating,
I just returned from secured leave on August 9, 2006. I was in DSS court all day on August 10, 2006. At present, it is taking longer than I expected to recreate the record.
Because of the above-referenced circumstances I will need an extension of time.
The record is devoid of any further action taken to reconstruct a narrative of the 26 January 2006 review hearing.
It is well-established that "[i]t is the appellant's responsibility to make sure that the record on appeal is complete and in proper form." Miller, 92 N.C.App. at 353, 374 S.E.2d at 468. Although respondent's trial attorney indicated the need for an additional extension of time, respondent made no attempt to request any further extensions of time from this Court, despite this Court's statement in its 14 July 2006 order that it may have permitted an additional extension of time with "a showing of extraordinary cause." The record on appeal, without any transcript or narrative from the 26 January 2006 review hearing, was settled on 22 September 2006, filed on 26 September 2006, and docketed 6 October 2006. At no point did respondent make any further attempt to provide this Court with a narrative of the proceedings in the trial court. As such, it cannot be said that respondent "has done all that she can [] do [to reconstruct the transcript]." *418 Coppley, 128 N.C.App. at 663, 496 S.E.2d at 616.
Nevertheless, assuming arguendo that respondent had "done all that she [could] do," id., it is incumbent upon respondent to demonstrate prejudice. See Clark, 159 N.C.App. at 80, 582 S.E.2d at 660. In her brief, respondent makes the bald assertion that "[s]ome of the record would have included the trial judge's statements, questions, and assertions which would evidence his bias and lack of impartiality." Respondent further notes that she has challenged "several findings of the court as not being supported by any evidence presented at the hearing." "[A]lthough respondent has generally asserted that the failure to record all of the testimony . . . was prejudicial, she points to nothing specific in the record to support her argument." Id. at 83, 582 S.E.2d at 662 (emphasis added). This Court has held that "the use of general allegations is insufficient to show reversible error resulting from the loss of specific portions of testimony caused by gaps in recording." Id. at 80, 582 S.E.2d at 660. Regardless, we have held herein that numerous findings of fact in the trial court's review order are supported by competent evidence and that those findings, in turn, amply support the court's conclusions of law. Accordingly, respondent's assignment of error is overruled.
Respondent's remaining assignments of error not argued in her brief are deemed abandoned. See N.C.R.App. P. 28(b)(6) (2006).
Affirmed in part; Reversed and Remanded in part.
Judges McGEE and LEVINSON concur.
NOTES
[1] Respondent also is the mother of R.B. and A.M., juveniles who are the subject of a separate appeal in COA06-1296.
[2] These findings employ such language as "the mother informed the Court" and "the Court informed the mother."
[3] Respondent alleges that "[t]he court did not call any other party as a witness, nor did it call a DSS social worker, a guardian, a psychologist, a therapist, or a child." Respondent apparently overlooks finding of fact number 20, in which the trial court stated that it "also called Doris Johnson [a guardian] as a witness."
[4] See N.C. Gen.Stat. § 15A-1222 (2005) (providing that the trial court may not "express during any stage of the trial, any opinion in the presence of the jury on any question of fact to be decided by the jury." (emphasis added)); N.C. Gen.Stat. § 1A-1, Rule 51(a) (2005) ("In charging the jury in any action governed by these rules, a judge shall not give an opinion as to whether or not a fact is fully or sufficiently proved. . . ." (emphasis added)).