IN THE MATTER OF V.A

No. COA12-170

No. COA11-1431

(Filed 17 July 2012)

**1. Child Abuse, Dependency, and Neglect—Interstate Compact for the Placement of Children—home study required**

The trial court erred in a child neglect case by placing a minor child with her maternal great-grandmother when the great-grandmother's home had not been approved for placement by South Carolina authorities. This placement violated the Interstate Compact for the Placement of Children ("ICPC") as a child cannot be placed with an out-of-state relative until favorable completion of an ICPC home study.

**2. Child Abuse, Dependency, and Neglect—custody review— permanency planning—insufficient findings of fact**

The trial court erred in a custody review and permanency planning order when it failed to make the written findings of fact required by N.C.G.S. § 7B-906(b), which were needed before the court could waive further hearings.

Appeal by petitioner from orders entered 20 September and 14 November 2011 by Judge Kimberly Best-Staton in Mecklenburg County District Court. Heard in the Court of Appeals 25 June 2012.

> *Kathleen Marie Arundell, for petitioner-appellant Mecklenburg County Department of Social Services, Youth and Family Services.*

> *Wyrick Robbins Yates & Ponton LLP, by Tobias S. Hampson, for respondent-appellee mother.*

> *Pamela Newell, for guardian ad litem.*

MARTIN, Chief Judge.

In two separate appeals, the Mecklenburg County Department of Social Services, Youth and Family Services ("YFS") appeals from the trial court's adjudication and dispositional order (COA11-1431) and custody review and permanency planning order (COA12-170) placing the juvenile V.A. in the custody of her maternal great-grandmother in South Carolina.

The legal issues in these two appeals are closely related and involve the same material facts; thus, upon our own initiative, we consolidate these appeals for the purpose of rendering a single opinion on all issues properly before the Court. *See* N.C.R. App. P. 40 ("Two or more actions that involve common issues of law may be consolidated for hearing . . . upon the initiative of th[e appellate] court."). After careful consideration, we reverse the dispositional portion of the trial court's adjudication and dispositional order and the subsequent custody review and permanency planning order, and remand for further proceedings consistent with this opinion.

YFS became involved with V.A.'s family in July 2010 when it received a referral alleging domestic violence, substance abuse, and mental health issues. V.A. was voluntarily placed with her maternal grandmother ("Ms. J") in February 2011, but V.A.'s mother was concerned that Ms. J was unable to care for V.A. because of her own health problems and history with child protective services. Mother was raised by V.A.'s maternal great-grandmother ("Ms. G") and preferred that V.A. be placed with her rather than Ms. J.

On 15 April 2011, YFS filed a petition alleging that V.A. was neglected and dependent. During the dispositional phase of the hearing, YFS informed the trial court that South Carolina authorities had

not approved Ms. G's home for placement. YFS argued that, because Ms. G's home had not been approved, placing V.A. in Ms. G's custody in South Carolina would violate the Interstate Compact for the Placement of Children ("ICPC") and would create additional financial burden and potential liability for YFS. Ms. G testified that South Carolina had not approved her home because of a previous child protective services case involving her daughter, Ms. J.

On 16 August 2011, the trial court entered a written adjudication and dispositional order adjudicating V.A. neglected and placing her with Ms. G in South Carolina, although YFS retained legal custody. The trial court ordered YFS to continue to make reasonable efforts toward reunification of V.A. with her mother and set a concurrent plan of reunification and adoption. The trial court also ordered YFS to obtain ICPC paperwork from South Carolina addressing placement with Ms. G. If YFS could not obtain the paperwork, the trial court ordered YFS to conduct its own home study of Ms. G's home within ten days and to place V.A. in Ms. G's home within fourteen days, if appropriate.

YFS filed a motion to reconsider and to stay the trial court's dispositional order, alleging that V.A.'s placement with Ms. G violated the ICPC. On 20 September 2011, the trial court entered an amended adjudication and dispositional order reaching the same disposition, but emphasizing that YFS should conduct its own home study if it does not receive ICPC paperwork approving the home as a placement for V.A. YFS appealed the amended order. This Court allowed YFS's motion for temporary stay and petition for writ of supersedeas, staying the trial court's 20 September 2011 adjudication and dispositional order pending the outcome of the appeal.

On 2 November 2011, the trial court held a custody review hearing. YFS informed the trial court that the amended dispositional order placing V.A. with Ms. G had been stayed by this Court. The trial court, apparently frustrated that YFS had not conducted a home study of Ms. G's home, conducted a colloquy with Ms. G in which she stated her willingness and ability to accept custody or guardianship of V.A. In response to a request from mother's attorney, the trial court ultimately placed V.A. in Ms. G's custody rather than in a guardianship to allow mother the opportunity to regain custody of V.A. more easily in the future.

In its written review order, entered 14 November 2011, the trial court changed V.A.'s permanent plan to custody with a relative,

placed her in Ms. G's legal custody, and suspended further custody review hearings. YFS filed notice of appeal, a motion for a temporary stay, and a petition for writ of supersedeas. This Court granted the temporary stay pending the outcome of YFS' petition for writ of supersedeas, but later dissolved the stay when it denied supersedeas.

---

I.

**[1]** In its appeal from the 20 September 2011 adjudication and dispositional order (COA11-1431), YFS argues that the trial court violated the ICPC by placing V.A. with Ms. G when her home had not been approved for placement by South Carolina authorities. We agree.

In entering a dispositional order that places a juvenile in out-of-home care:

> [T]he court shall first consider whether a relative of the juvenile is willing and able to provide proper care and supervision of the juvenile in a safe home. . . . *Placement of a juvenile with a relative outside of this State must be in accordance with the Interstate Compact on the Placement of Children.*

N.C. Gen. Stat. § 7B-903(a)(2)(c) (2011) (emphasis added). Under the ICPC,

> [n]o sending agency shall send, bring, or cause to be sent or brought into any other party state any child for *placement in foster care or as a preliminary to a possible adoption* unless the sending agency shall comply with each and every requirement set forth in this Article and with the applicable laws of the receiving state governing the placement of children therein.

N.C. Gen. Stat. § 7B-3800, Article III(a) (2011) (emphasis added). The ICPC requires that before a juvenile can be placed with an out-of-state relative "the receiving state shall notify the sending agency, in writing, to the effect that the proposed placement does not appear to be contrary to the interests of the child." N.C. Gen. Stat. § 7B-3800, Article III(d). This Court has previously interpreted the statutory preference for relative placements in harmony with the ICPC, and held that "a child cannot be placed with an out-of-state relative until favorable completion of an ICPC home study." *In re L.L.*, 172 N.C. App. 689, 702, 616 S.E.2d 392, 400 (2005) (holding that the statutory preference for relative placement and compliance with the ICPC are not mutually exclusive).

**IN RE V.A.**

[221 N.C. App. 637 (2012)]

In the 20 September 2011 adjudication and dispositional order, the trial court ordered YFS to place V.A. with Ms. G., her maternal great-grandmother, and set the permanent plan to a concurrent one of reunification and adoption. Accordingly, the placement ordered by the trial court falls under either category listed in N.C.G.S. § 7B-3800, which explicitly requires compliance with the ICPC: placement preliminary to a possible adoption or foster care.[1]

Here, South Carolina authorities did not approve of V.A.'s placement with Ms. G due to Ms. G's history with child protective services in that state; YFS informed the trial court of this at the dispositional hearing. In its dispositional order, the trial court made a finding to this effect, yet still ordered YFS to place V.A. with Ms. G in South Carolina. Therefore, the trial court failed to comply with the ICPC in its dispositional order. Accordingly, we reverse the dispositional portion of the trial court's 20 September 2011 adjudication and dispositional order and remand for further proceedings consistent with this opinion. Because we reverse the dispositional portion of the order and neither party raises issues related to the court's adjudication, we need not address the other arguments raised in appeal COA11-1431.

II.

[2] In its appeal from the 14 November 2011 custody review and permanency planning order (COA12-170), YFS argues that the trial court erred when it failed to make the written findings of fact required by N.C.G.S. § 7B-906(b), which are needed before a court can waive further hearings. We agree.

N.C.G.S. § 7B-906(b) requires that the court find by "clear, cogent, and convincing evidence that:

(1) The juvenile has resided with a relative or has been in the custody of another suitable person for a period of at least one year;

(2) The placement is stable and continuation of the placement is in the juvenile's best interests;

---

1. According to Regulation 3(4)(26), "foster care" is "24-hour substitute care for children placed away from their parents or guardians and for whom the state agency has placement and care responsibility . . . [which] includes . . . foster homes of relatives" "regardless of whether the foster care facility is licensed and payments are made by the state or local agency for the care of the child." Ass'n of Adm'rs of the ICPC (AAICPC), Reg. No. 3 (amended May 1, 2011). The ICPC defines "placement" as "the care of a child in a family free or boarding home . . . ." N.C. Gen. Stat. §7B-3800, Article II(d). A "family free" home, counter intuitively, is "the home of *a relative or unrelated individual* whether or not the placement recipient receives compensation for care or maintenance of the child." AAICPC, Reg. No. 3(4)(24) (emphasis added).

(3) Neither the juvenile's best interests nor the rights of any party require that review hearings be held every six months;

(4) All parties are aware that the matter may be brought before the court for review at any time by the filing of a motion for review or on the court's own motion; and

(5) The court order has designated the relative or other suitable person as the juvenile's permanent caretaker or guardian of the person."

N.C. Gen. Stat. § 7B-906(b) (2011). "Failure to find all of these criteria constitutes reversible error." *In re L.B.*, 184 N.C. App. 442, 447, 646 S.E.2d 411, 413 (2007). This Court has previously held that a trial court must make *written* findings of fact to satisfy "each of the five enumerated factors in [§] 7B-907(b)." *See id.* at 447, 646 S.E.2d at 413-14.

In its order, the trial court did not check the box next to any of the facts listed in § 7B-906(b) to indicate that it found the condition satisfied. Specifically, the trial court did not find that V.A. has resided with a relative or has been in the custody of another suitable person for a period of at least a year, as is required by § 7B-906(b)(1). The record reveals that V.A. began living with her maternal grandmother in February 2011, and was first placed in nonsecure custody on 14 April 2011. The order being appealed in this case was entered on 14 November 2011. Therefore, it would be impossible for the court to make a finding that V.A. resided with a relative or another suitable person for at least one year. The trial court also failed to find that neither V.A.'s interests nor the rights of any party required the continued holding of review hearings as required in § 7B-906(b)(3). The court noted in its order that the mother "has not fully addressed the issues that brought the child into YFS custody," that visitation with the mother should be supervised "until mother addresses issues," and that "neither parent has acted consistent with their parental rights." This Court found in *L.B.* that findings to this effect, even if supported by competent evidence, are insufficient to satisfy § 7B-906(b)(3) because the court must make a written finding explicitly stating that neither the child nor any other party's rights would require future review hearings. *Id.* at 448-49, 646 S.E.2d at 414-15. Furthermore, with regard to § 7B-906(b)(4), the court only stated at the hearing, "no further reviews," and its order stated that "no further reviews [are] necessary." The court failed to make all parties aware that a review may be held anytime or upon the court's own motion, and rather, seemed to indicate the contrary by relieving counsel, DSS, and GAL of respon-

sibility. *See id.* at 449, 646 S.E.2d at 415. Consequently, we hold that the trial court committed reversible error by failing to satisfy the requirements of § 7B-906(b), and therefore, we need not address other arguments raised in the appellant's brief.

In sum, in appeal COA11-1431, we reverse the dispositional portion of the trial court's 20 September 2011 adjudication and dispositional order because the trial court failed to comply with the ICPC by placing V.A. in an out-of-state placement that had not been approved by South Carolina authorities. In addition, in appeal COA12-170, we reverse the trial court's 14 November 2011 custody review and permanency planning order because the trial court's order failed to make the required findings of fact. We remand this matter for further proceedings consistent with this opinion.

Reversed and remanded.

Judges HUNTER and STEPHENS concur.