An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1061
NORTH CAROLINA COURT OF APPEALS

Filed: 6 May 2014

IN THE MATTER OF:

J.D.V.                                    Onslow County
                                          No. 12 JA 38


Appeal by respondent-father from order entered 17 May 2013 by Judge Sarah C. Seaton in Onslow County District Court. Heard in the Court of Appeals 7 April 2014.

> *Richard A. Penley for Onslow County Department of Social Services, petitioner-appellee.*
>
> *Jeffrey L. Miller for father, respondent-appellant.*

HUNTER, Robert C., Judge.

Respondent-father appeals from the trial court's review and permanency planning hearing order. For the reasons discussed herein, we reverse the trial court's order.

**Background**

Respondent-father and K.H. ("the mother") are married and the biological parents of J.D.V. ("Jon").[1] On 31 January 2012, the mother's probation officer made a home visit and saw marijuana and materials for a home methamphetamine lab in plain view. On that same date, the parents voluntarily placed Jon with his mother's maternal great-aunt. On 18 February 2012, Onslow County Department of Social Services ("DSS") filed a juvenile petition alleging Jon was neglected. The matter came on for hearing on 12 March 2012 and the trial court adjudicated Jon neglected.

The parents were incarcerated at the time the juvenile petition was filed and remained incarcerated throughout the case. On 20 March 2013, the trial court conducted a review and permanency planning hearing. The trial court ceased reunification efforts; changed the permanent plan from reunification to guardianship and appointed the maternal great-aunt as guardian; ceased further review hearings, and terminated the court's jurisdiction. Respondent-father appeals from the review and permanency planning hearing order.

**Arguments**

---

[1] To protect the identity of the juvenile and for ease of reading, we have used a pseudonym for the minor.

Respondent-father contends that the trial court erred in entering its order because it failed to make required findings of fact.  DSS concedes that the order is insufficient.

I.  Ceasing Reunification Efforts

"This Court reviews an order that ceases reunification efforts to determine whether the trial court made appropriate findings, whether the findings are based upon credible evidence, whether the findings of fact support the trial court's conclusions, and whether the trial court abused its discretion with respect to disposition."  *In re C.M.*, 183 N.C. App. 207, 213, 644 S.E.2d 588, 594 (2007).

At a review hearing conducted pursuant to section 7B-906, the trial court shall consider the following and make written findings as to those that are relevant:

> (1) Services which have been offered to reunite the family, or whether efforts to reunite the family clearly would be futile or inconsistent with the juvenile's safety and need for a safe, permanent home within a reasonable period of time.
>
> (2) Where the juvenile's return home is unlikely, the efforts which have been made to evaluate or plan for other methods of care.
>
> (3) Goals of the foster care placement and the appropriateness of the foster care plan.
>
> (4) A new foster care plan, if continuation

of care is sought, that addresses the role the current foster parent will play in the planning for the juvenile.

(5) Reports on the placements the juvenile has had and any services offered to the juvenile and the parent, guardian, custodian, or caretaker.

(6) An appropriate visitation plan.

(7) If the juvenile is 16 or 17 years of age, a report on an independent living assessment of the juvenile and, if appropriate, an independent living plan developed for the juvenile.

(8) When and if termination of parental rights should be considered.

(9) Any other criteria the court deems necessary.

N.C. Gen. Stat. § 7B-906(c) (2011). The trial court may combine a permanency planning hearing pursuant to section 7B-907 with a section 7B-906 review hearing. N.C. Gen. Stat. § 7B-907(a) (2011).

When the court determines that reunification efforts are not required or shall cease, the court shall order a plan for permanence as soon as possible, after providing each party with a reasonable opportunity to prepare and present evidence. If the court's determination to cease reunification efforts is made in a hearing that was duly and timely noticed as a permanency planning hearing, then the court may immediately proceed to consider all of the criteria contained in G.S. 7B-907(b)[.]

N.C. Gen. Stat. § 7B-507(c) (2011).  Pursuant to section 7B-907(b),

> At the conclusion of the hearing, if the juvenile is not returned home, the court shall consider the following criteria and make written findings regarding those that are relevant:
>
> > (1) Whether it is possible for the juvenile to be returned home immediately or within the next six months, and if not, why it is not in the juvenile's best interests to return home;
> >
> > (2) Where the juvenile's return home is unlikely within six months, whether legal guardianship or custody with a relative or some other suitable person should be established, and if so, the rights and responsibilities which should remain with the parents;
> >
> > (3) Where the juvenile's return home is unlikely within six months, whether adoption should be pursued and if so, any barriers to the juvenile's adoption;
> >
> > (4) Where the juvenile's return home is unlikely within six months, whether the juvenile should remain in the current placement or be placed in another permanent living arrangement and why;
> >
> > (5) Whether the county department of social services has since the initial permanency plan hearing made reasonable efforts to implement the permanent plan for the juvenile;
> >
> > (6) Any other criteria the court deems

necessary.

N.C. Gen. Stat. § 7B-907(b) (2011).

In this case, the trial court's findings of fact numbers 1-6 recite the prior history of the case. In finding of fact number 7, the trial court found that DSS has made reasonable efforts and lists those efforts. The trial court then made additional findings as follows:

> 1. It is not possible for the juvenile to be returned home immediately or within the next six months and it is not in the juvenile's best interests to return to the care of respondent parents because they have not resolved the issues that led to the juvenile's removal from their home. . . .
>
> 2. Onslow County Department of Social Services has, since the initial permanency plan hearing, made reasonable efforts to implement the permanent plan for the juvenile and has exhausted all efforts to reunify with Respondent parents and the department should cease efforts with reunification.
>
> 3. The best plan of care to achieve a safe, permanent home for the juvenile within a reasonable period of time is guardianship with [B.H.] which is in the juvenile's best interest.

We conclude these additional findings are appropriately classified as conclusions of law. "A 'conclusion of law' is the court's statement of the law which is determinative of the matter at issue between the parties." *Montgomery v. Montgomery*,

32 N.C. App. 154, 157, 231 S.E.2d 26, 28-29 (1977). When a finding of fact is essentially a conclusion of law, it is reviewable on appeal as a conclusion of law. *In re M.R.D.C.*, 166 N.C. App. 693, 697, 603 S.E.2d 890, 893 (2004), *disc. review denied*, 359 N.C. 321, 611 S.E.2d 413 (2005). Here, the trial court's order is devoid of any findings of fact to support its conclusions of law. The trial court, as DSS concedes, did not make specific ultimate facts based upon the evidence before it. Without proper findings of fact, an appellate court is unable to determine whether the trial court was correct in its conclusions of law. *See In re Anderson*, 151 N.C. App. 94, 97, 564 S.E.2d 599, 602 (2002). Accordingly, the order ceasing reunification efforts must be reversed.

II.  Guardianship and Visitation

The trial court established guardianship as the permanent plan and appointed Jon's mother's maternal great-aunt as his guardian. Respondent-father contends the trial court failed to comply with its statutory obligations under N.C. Gen. Stat. § 7B-600 and 7B-907 to make findings about the guardianship and the rights and responsibilities which should remain with the parents, including visitation rights.

At the conclusion of the permanency planning hearing, the trial court "may appoint a guardian of the person for the juvenile pursuant to G.S. 7B-600[.]" N.C. Gen. Stat. § 7B-907(c) (2011). "[T]he court shall verify that the person . . . being appointed as guardian of the juvenile understands the legal significance of the placement or appointment and will have adequate resources to care appropriately for the juvenile." N.C. Gen. Stat. § 7B-907(f) (2011). This Court has explained that "N.C. Gen. Stat. § 7B-907(f) [does not] require that the court make any specific findings in order to make the verification." *In re J.E.*, 182 N.C. App. 612, 616-617, 643 S.E.2d 70, 73, *disc. review denied*, 361 N.C. 427, 648 S.E.2d 504 (2007). This Court has looked to evidence in the record to determine whether the trial court complied with section 7B-907(f). *Id*. at 617, 643 S.E.2d at 73.

Here, the maternal great-aunt testified at the hearing. She testified in great detail about Jon's needs and acknowledged that she was willing to accept the responsibility. The DSS court report, which the trial court considered, stated that the great-aunt "has provided [Jon] with a safe and loving environment for the last year and is agreeable to being granted guardianship of [Jon]." The guardian ad litem report similarly

indicates that the great-aunt was prepared to "continue on a long term basis with [Jon] living in her home." Therefore, based on the foregoing, we conclude the requirements of section 7B-907(f) were met.

If the trial court appoints a guardian, it must make a finding regarding "the rights and responsibilities which should remain with the parents[.]" N.C. Gen. Stat. § 7B-907(b)(2) (2011). Here, the trial court failed to make such a finding.

The trial court's order also fails to properly address visitation. The trial court noted in its 12 October order: "That upon release from jail the respondent parents are allowed visitation with the juvenile, as per the standard visitation policy of the Onslow County Department of Social Services."

> Any dispositional order under which a juvenile is removed from the custody of a parent . . . or under which the juvenile's placement is continued outside the home shall provide for appropriate visitation as may be in the best interests of the juvenile and consistent with the juvenile's health and safety.

N.C. Gen. Stat. § 7B-905(c) (2011). "An appropriate visitation plan must provide for a minimum outline of visitation, such as the time, place, and conditions under which visitation may be exercised." *In re E.C.*, 174 N.C. App. 517, 523, 621 S.E.2d 647,

652 (2005). The order in this case contains no provisions regarding visitation.

III. Further Review Hearings

The trial court ordered "[t]hat further reviews in this matter are hereby ceased." The court may waive the holding of review hearings if the court finds by clear, cogent, and convincing evidence that:

> (1) The juvenile has resided with a relative or has been in the custody of another suitable person for a period of at least one year;
>
> (2) The placement is stable and continuation of the placement is in the juvenile's best interests;
>
> (3) Neither the juvenile's best interests nor the rights of any party require that review hearings be held every six months;
>
> (4) All parties are aware that the matter may be brought before the court for review at any time by the filing of a motion for review or on the court's own motion; and
>
> (5) The court order has designated the relative or other suitable person as the juvenile's permanent caretaker or guardian of the person.

N.C. Gen. Stat. § 7B-906(b) (2011). In this case, the trial court failed to make the requisite findings pursuant to sections 7B-906(b)(3) and (4). Thus, the trial court erred in ceasing further review hearings. *See In re L.B.*, 184 N.C. App. 442,

449, 646 S.E.2d 411, 415 (2007) (reversing and remanding on this issue where the trial court's order failed to satisfy the requirements of sections 7B-906(b)(1), (3), and (4)).

IV.  Terminating Jurisdiction

Lastly, respondent-father contends the trial court erred in establishing guardianship as the permanent plan and then terminating the juvenile court's jurisdiction because such an order is contrary to statute, inconsistent as a matter of law, and denies the parents' due process rights.

"When the court obtains jurisdiction over a juvenile, jurisdiction shall continue until terminated by order of the court or until the juvenile reaches the age of 18 years or is otherwise emancipated, whichever occurs first." N.C. Gen. Stat. § 7B-201(a) (2013). When the trial court's jurisdiction terminates, "[t]he legal status of the juvenile and the custodial rights of the parties shall revert to the status they were before the juvenile petition was filed, unless applicable law or a valid court order in another civil action provides otherwise." N.C. Gen. Stat. § 7B-201(b) (2013). Moreover, "[w]hen a district court terminates its jurisdiction over a juvenile case, there 'is no affirmative obligation on the juvenile court to remain involved in the life of [the] juvenile

for a longer duration.'" *In re S.T.P.*, 202 N.C. App. 468, 472, 689 S.E.2d 223, 226 (2010) (quoting *In re A.P.*, 179 N.C. App. 425, 429, 634 S.E.2d 561, 563 (2006) (Levinson J., dissenting), *rev'd per curiam for reasons stated in dissent*, 361 N.C. 344, 643 S.E.2d 588 (2007)).

In this case, the parties were not returned to their pre-petition legal status. The trial court appointed a guardian and "[t]he guardian shall operate under the supervision of the court[.]" N.C. Gen. Stat. § 7B-600(a) (2013). The trial court has an obligation to remain involved in the case. Thus, it was error for the trial court to order "[t]hat juvenile jurisdiction is hereby terminated."

## Conclusion

Based on the foregoing, we reverse the trial court's review and permanency planning hearing order and remand for proceedings consistent with this opinion. "It is within the trial court's discretion to allow additional evidence prior to making findings of fact and conclusions of law." *In re J.S.*, 165 N.C. App. 509, 514, 598 S.E.2d 658, 662 (2004).

REVERSED AND REMANDED.

Judges GEER and McCULLOUGH concur.

Report per Rule 30(e).