KEVIN JAMES SMITH, Plaintiff v. CHRISTOPHER BRUCE HEATH, in his official capacity as a Deputy of Lenoir County Sheriff's Department WILLIAM E. SMITH as Sheriff of Lenoir County Sheriff's Department And LENOIR COUNTY SHERIFF'S DEPARTMENT, a body politic, Defendant

No. COA10-501

(Filed 7 December 2010)

**Appeal and Error— record on appeal—sovereign immunity waiver—insurance policy not included**

An appeal was dismissed where the issue involved sovereign immunity for a deputy sheriff and the record did not include the County's insurance policy and an exclusion that would in effect have retracted the waiver of sovereign immunity.

Appeal by defendant from order entered 10 December 2009 by Judge Clifton W. Everett, Jr. in Pitt County Superior Court. Heard in the Court of Appeals 3 November 2010.

*Mako & Associates, P.A., by Garron T. Michael and Sue E. Mako, for plaintiff-appellee.*

*Frazier, Hill, & Fury, RLLP, by Torin L. Fury and William L. Hill, for defendant-appellant.*

STEELMAN, Judge.

Defendant's appeal of the trial court's denial of his summary judgment motion is dismissed for lack of a sufficient record on appeal.

I. Factual and Procedural Background

On 26 March 2008, Kevin James Smith ("plaintiff") and another prisoner were being transported by Christopher Bruce Heath ("Heath"), a deputy sheriff with the Lenoir County Sheriff's Department, from Lenoir County to the State Correctional Facilities in Hyde County and Pasquotank County. At approximately 10:38 p.m., while traveling east on North Carolina Highway 33 in Pitt County, Heath saw what he believed to be a body lying in the roadway and attempted to avoid colliding with it. Heath lost control of the car, which ran off the roadway and into a ditch where it struck a tree, overturned, and came to rest in a field. Following the accident, plaintiff complained of low back pain and was taken to a hospital.

On 16 December 2008, plaintiff filed his amended complaint in Pitt County Superior Court against Heath in his official capacity as a deputy sheriff of Lenoir County, William E. Smith as Sheriff of Lenoir County, and the Lenoir County Sheriff's Department (collectively "defendants") seeking monetary damages for personal injuries that he alleged were caused by the negligence of Heath. On 10 November 2009, defendants filed a motion for summary judgment based upon sovereign immunity, and specifically an exclusion contained in the County's liability insurance policy.

The trial court granted defendants' motion for summary judgment as to the claims against the Lenoir County Sheriff's Department and Sheriff Smith. The trial court denied defendants' motion for summary judgment as to Heath in his official capacity finding that an issue of material fact exists as to whether a special relationship existed between plaintiff and Heath.

Heath appeals the trial court's order denying his motion for summary judgment based upon sovereign immunity.

## II. Interlocutory Appeal

An order denying a motion for summary judgment is interlocutory, and as a general rule this Court does not review interlocutory orders. *Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950). However, "this Court has repeatedly held that appeals raising issues of governmental or sovereign immunity affect a substantial right sufficient to warrant immediate appellate review" pursuant to N.C. Gen. Stat. § 1-277(a) (2008). *Price v. Davis*, 132 N.C. App. 556, 558-59, 512 S.E.2d 783, 785 (1999) (citations omitted).

## III. Standard of Review

"When the denial of a summary judgment motion is properly before this Court, as here, the standard of review is *de novo*." *Free Spirit Aviation, Inc. v. Rutherford Airport Auth.*, 191 N.C. App. 581, 583, 664 S.E.2d 8, 10 (2008) (citation omitted). Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2008). "For the case at bar, we must discern whether, upon review of the evidence in a light most favorable to plaintiff's claims, judgment as a matter of law should have been entered in favor of defendant[] upon the assertion of the defenses of

the public duty doctrine and sovereign immunity." *Lassiter v. Cohn*, 168 N.C. App. 310, 315, 607 S.E.2d 688, 691 (2005), *disc. review denied*, 359 N.C. 633, 613 S.E.2d 686 (2005).

### IV. Failure to Include Lenoir County's Insurance Policy in Record

In his only argument on appeal, Heath contends that the trial court erred in denying his motion for summary judgment based upon sovereign immunity and the exclusion contained in Lenoir County's liability insurance policy. Because we only have the exclusion, and not the entire insurance policy, we dismiss Heath's appeal.

In his complaint, plaintiff alleged that Lenoir County "purchased a plan of insurance and has thus waived its immunity from civil liability" under N.C. Gen. Stat. § 153A-435 (2008). At the hearing on defendants' summary judgment motion, defendants presented the affidavit of Ron Massey, a Claims and Litigation Manager for Trident Insurance Company, which contained a copy of an endorsement containing the following exclusion:

> the policy(ies), . . . provide(s) no coverage for any "occurrence", "offense", "accident", "wrongful act", claim or suit for which any insured would otherwise have an exemption or no liability because of sovereign immunity, any governmental tort claims act or laws, or any other state or federal law. Nothing in this policy, coverage part or coverage form waives sovereign immunity for any insured.

In North Carolina, tort claims against governmental entities are generally barred by the doctrine of sovereign immunity. However, under the provisions of N.C. Gen. Stat. § 153A-435, the purchase of liability insurance "waives the county's governmental immunity, to the extent of insurance coverage, for any act or omission occurring in the exercise of a governmental function." In the instant case, Lenoir County did in fact purchase liability insurance, which would waive its governmental immunity. Heath relies upon an exclusion that would in effect retract this waiver of sovereign immunity. Where a defendant is relying upon an exclusion in a policy of insurance to establish that there is no coverage, it is the defendant's burden of proof to show that the exclusion applies. *Ins. Co. v. McAbee*, 268 N.C. 326, 328, 150 S.E.2d 496, 497 (1966) (citation omitted).

"The vast majority of courts have held that the insurer bears the burden of establishing the existence and applicability of a policy exclusion, . . . ." *Home Indem. Co. v. Hoechst Celanese Corp.*, 128

N.C. App. 189, 202, 494 S.E.2d 774, 783 (1998) (citation omitted), *disc. review denied*, 348 N.C. 72, 505 S.E.2d 870 (1998). Additionally, it is a well settled principle of insurance policy construction that "[a]n insurance policy is to be construed as a whole, giving effect to each clause, if possible." *Chavis v. Southern Life Ins. Co.*, 76 N.C. App. 481, 484, 333 S.E.2d 559, 561-62 (1985), *aff'd*, 318 N.C. 259, 347 S.E.2d 425 (1986). We have before us only the exclusion, and not the entire liability insurance policy for Lenoir County.

Pursuant to the North Carolina Rules of Appellate Procedure, the record on appeal shall contain so much evidence "as is necessary for an understanding of all issues presented on appeal." N.C. R. App. P. 9(a)(1)(e). Furthermore, "it is the appellant's responsibility to make sure that the record on appeal is complete and in proper form." *Miller v. Miller*, 92 N.C. App. 351, 353, 374 S.E.2d 467, 468 (1988) (citation omitted). "It is incumbent upon the appellant to see that the record on appeal is properly made up and transmitted to the appellate court. The Rules of Appellate Procedure are mandatory and failure to follow the rules subjects appeal to dismissal." *Fortis Corp. v. Northeast Forest Products*, 68 N.C. App. 752, 754, 315 S.E.2d 537, 538-39 (1984) (citations omitted). Without Lenoir County's insurance policy included in the record on appeal, this Court is unable to determine *de novo* whether the "Sovereign Immunity Non-Waiver Exclusion" serves to retract Lenoir County's waiver of sovereign immunity which was accomplished by the purchase of the liability insurance policy.

We therefore dismiss Heath's appeal.

DISMISSED.

Judges STEPHENS and ROBERT N. HUNTER, Jr., concur.