An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-802

NORTH CAROLINA COURT OF APPEALS

Filed: 18 March 2014

MDT PERSONNEL, LLC,
         Plaintiff,

    v.                                    Guilford County
                                          No. 12 CVS 3555
APH CONTRACTORS, INC. d/b/a APH,
INC., WILD BUILDING CONTRACTORS,
INC., and CINCINNATI INSURANCE
COMPANY,
         Defendants.

───────────────────────────────

WILD BUILDING CONTRACTORS, INC.,
         Cross-Claim Plaintiff,

    v.

APH CONTRACTORS, INC. d/b/a APH,
INC.,
         Cross-Claim Defendant.

───────────────────────────────

APH CONTRACTORS, INC. d/b/a APH,
INC.,
         Cross-Claim Plaintiff,

    v.

WILD BUILDING CONTRACTORS, INC.,
and CINCINNATI INSURANCE COMPANY,
         Cross-Claim Defendants.


        Appeal   by   defendant/cross-claim   defendant/cross-claim

plaintiff  from  judgment  entered  31  December  2012  and  order

entered 6 March 2013 by Judge Patrice A. Hinnant in Guilford County Superior Court. Heard in the Court of Appeals 21 November 2013.

*No brief filed on behalf of plaintiff-appellee.*

*Robinson, Bradshaw & Hinson, P.A., by R. Steve DeGeorge and Kate E. Payerle, for defendant, cross-claim defendant, cross-claim plaintiff-appellant APH Contractors, Inc. d/b/a APH, Inc.*

*Ogletree, Deakins, Nash, Smoak & Stewart, P.C., by Kevin S. Joyner, for defendant, cross-claim plaintiff, cross-claim defendant-appellee Wild Building Contractors, Inc. and defendant, cross-claim defendant-appellee Cincinnati Insurance Company.*

GEER, Judge.

Defendants APH Contractors, Inc. doing business as APH, Inc. and Wild Building Contractors, Inc. asserted cross-claims against each other. APH appeals from the trial court's judgment awarding Wild Building damages on its breach of contract cross-claim against APH and ordering that APH recover nothing on its cross-claims against Wild Building and defendant/cross-claim defendant Cincinnati Insurance Company. APH also appeals the trial court's order denying APH's motion for a new trial.

Based on the record on appeal submitted to this Court, we are unable to determine if the judgment and order appealed by APH constitute an immediately appealable final judgment and

order rather than an interlocutory judgment and order. Since APH has failed to demonstrate that this appeal involves a final judgment and has further failed to argue that any interlocutory appeal affects a substantial right that would be jeopardized absent review prior to a final determination as to all claims, we dismiss the appeal.

## Facts

On 7 February 2012, plaintiff MDT Personnel, LLC, filed a complaint against APH, Wild Building, and Cincinnati, alleging the following facts. Laurinburg Housing Authority entered into a contract with Wild Building, hiring Wild Building to serve as the general contractor for a construction project. Cincinnati was Wild Building's surety on the contract. Wild Building entered into a subcontract with APH to furnish certain labor and materials for the project, and APH, in turn, entered into a subcontract with MDT to furnish labor. Ultimately, APH owed MDT an outstanding balance of $198,587.05 for labor supplied pursuant to the subcontract.

MDT brought suit against APH for breach of contract. MDT further alleged that Wild Building and Cincinnati were jointly and severally liable for the balance due to MDT on its contract with APH. MDT also asserted claims against APH and Wild Building for unjust enrichment.

Wild Building and Cincinnati jointly filed an answer to MDT's complaint and asserted cross-claims against APH for contractual indemnity, equitable indemnity, breach of contract, breach of warranty, and fraud. After filing an answer and amended answer to MDT's complaint and to the cross-claims, APH also asserted cross-claims against Wild Building and Cincinnati for breach of contract, joint and several liability, unjust enrichment, and attorney's fees.

It appears from the record that MDT and Wild Building reached an agreement pursuant to which Wild Building agreed to pay MDT the principal balance owed for MDT's labor on the project in the amount of $184,327.24. After that agreement was in place, the trial court entered an order granting summary judgment in favor of MDT against APH, Wild Building, and Cincinnati for interest owed on the principal balance, but denying MDT's motion for summary judgment with respect to its request for attorney's fees. On 7 December 2012, MDT took a voluntary dismissal without prejudice, pursuant to Rule 41(a)(1) of the Rules of Civil Procedure, of its claims for "breach of contract only as to the recovery of principal balance," attorney's fees, and unjust enrichment.

The case proceeded to trial on the cross-claims of APH, Wild Building, and Cincinnati. Following a jury verdict, the

trial court entered a judgment awarding Wild Building $133,856.34 plus post-judgment interest on Wild Building's cross-claim against APH for breach of contract. The trial court further ordered that APH "shall have and take nothing" from any of its cross-claims against Wild Building and Cincinnati.

APH filed a motion for a new trial pursuant to Rule 59 of the Rules of Civil Procedure, alleging that the jury foreperson had revealed to the trial court, parties, and counsel after the verdict that he had a "severe hearing impairment" and was, consequently, "incapable of performing his duties." Following a hearing, the trial court denied the motion for a new trial in an order entered 6 March 2013. APH appealed to this Court from the judgment and the order denying its motion for a new trial.

## Discussion

We must first address this Court's jurisdiction to hear this appeal. "A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court. An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. City of Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950) (internal citations omitted).

"Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). However, "immediate appeal of interlocutory orders and judgments is available in at least two instances. First, immediate review is available when the trial court enters a final judgment as to one or more, but fewer than all, claims or parties and certifies there is no just reason for delay [under Rule 54(b) of the Rules of Civil Procedure]. . . . Second, immediate appeal is available from an interlocutory order or judgment which affects a substantial right." *Sharpe v. Worland*, 351 N.C. 159, 161-62, 522 S.E.2d 577, 579 (1999) (internal quotation marks omitted).

Here, all of MDT's claims were resolved prior to trial through the voluntary dismissal, and all of APH's cross-claims against Wild Building and Cincinnati were resolved by the trial court's judgment. The judgment also resolved Wild Building's cross-claim against APH for breach of contract. The judgment did not, however, address Wild Building's and Cincinnati's cross-claims against APH for contractual indemnity, equitable indemnity, breach of warranty, and fraud.

While it is possible that Wild Building's and Cincinnati's cross-claims for contractual indemnity, equitable indemnity, breach of warranty, and fraud were resolved or otherwise

disposed of prior to, or during, the trial, the record does not contain any mention of any resolution of those claims. The parties submitted to this Court a truncated trial transcript that includes only the final day of trial. The oral rendering of the verdict provided in that truncated transcript does not clearly indicate what claims were decided by the jury. There is also no verdict sheet included in the record on appeal.

On this record, we cannot determine that the appealed judgment and order "dispose[d] of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court." *Veazey*, 231 N.C. at 361-62, 57 S.E.2d at 381. "It is well established that the appellant bears the burden of showing to this Court that the appeal is proper." *Johnson v. Lucas*, 168 N.C. App. 515, 518, 608 S.E.2d 336, 338, *aff'd per curiam*, 360 N.C. 53, 619 S.E.2d 502 (2005). Similarly, "'it is the appellant's responsibility to make sure that the record on appeal is complete and in proper form.'" *Smith v. Heath*, 208 N.C. App. 467, 470, 703 S.E.2d 194, 196 (2010) (quoting *Miller v. Miller*, 92 N.C. App. 351, 353, 374 S.E.2d 467, 468 (1988)).

Moreover, Rule 28(b)(4) of the Rules of Appellate Procedure requires that the appellant's brief include a statement of grounds for appellate review that "shall include citation of the

statute or statutes permitting appellate review." Further, "when an appeal is interlocutory, the appellant must include in its statement of grounds for appellate review 'sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right.'" *Johnson*, 168 N.C. App. at 518, 608 S.E.2d at 338 (quoting N.C.R. App. P. 28(b)(4)).

In this case, APH's statement of grounds for appellate review does not indicate that the appeal has been taken from a final judgment and order, does not cite any statute permitting appellate review, and does not otherwise address whether this appeal has been taken from a final judgment or whether it is interlocutory. Rather, APH's statement of grounds for appellate review simply summarizes APH's argument on the merits. Further, nothing else in APH's brief or reply brief explains what happened to the other cross-claims.[1]

APH has also failed to demonstrate that an interlocutory appeal would be appropriate. The trial court did not include a Rule 54(b) certification in its judgment or its order denying APH's motion for new trial. Consequently, APH's appeal is properly before this Court only if APH has met its burden of

---

[1]We note also that nothing in Wild Building's and Cincinnati's brief suggests any resolution of the apparently outstanding cross-claims.

showing this Court that the judgment and order deprive it of "a substantial right which would be jeopardized absent a review prior to a final determination on the merits." *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994). APH has not, however, made any argument regarding a substantial right.

We cannot simply assume that we have jurisdiction. Nor is it the duty of this Court "to construct arguments for or find support for appellant's right to appeal from an interlocutory order; instead, the appellant has the burden of showing this Court that the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits." *Id.* *See also Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005) (holding that "[i]t is not the role of the appellate courts . . . to create an appeal for an appellant").

Since APH has failed to show that this Court has jurisdiction over this appeal, we must dismiss the appeal. *See Jeffreys*, 115 N.C. App. at 380, 444 S.E.2d at 254 (dismissing interlocutory appeal because appellant "presented neither argument nor citation to show this Court that [appellant] had the right to appeal the order dismissing its counterclaims").

Dismissed.

Judges STEPHENS and ERVIN concur.

Report per Rule 30(e).