CALABRIA
 
 ,
 
 Judge
 
 .
 

 John L. Grasinger and Lawrence Benuck (collectively, "plaintiff-appellants") appeal from an order granting Jason A. Williams' and Cameron L. Perkins' (collectively, "defendant-appellees") motions to dismiss. Because plaintiff-appellants failed to include in the record on appeal the date upon which this case was designated as a mandatory complex business case, we are unable to determine whether we have jurisdiction over this appeal. Therefore, we dismiss.
 

 I. Background
 

 In early 2009, plaintiff-appellants became interested in establishing a partnership to open and operate an urgent care facility in Boone, North Carolina. Grasinger had experience in real estate development, and Benuck had experience in building and operating urgent care clinics. Subsequently, plaintiff-appellants began negotiating with defendant-appellees, who owned and operated several urgent care clinics in North Carolina, through their ownership in Urgent Cares of America, Inc. Plaintiff-appellants and defendant-appellees agreed to form a corporation, Boone Urgent Care, Inc. ("Boone UC"), in which each participant would own an equal interest. According to plaintiff-appellants, defendant-appellees represented that they were not contemplating or negotiating any mergers, consolidations, or asset sales involving Boone UC.
 

 In forming Boone UC, the four parties entered into a shareholders' agreement, in which each shareholder held twenty-five percent (25%) ownership interest in exchange for a capital contribution of $37,500.00. The shareholders' agreement established a three-person board of directors with voting power, comprising defendant-appellees and Grasinger; Benuck held a non-voting position of "Board Observer." In addition, the shareholders' agreement contained a "drag-along rights" provision, whereby all shareholders would be forced to sell their shares and vote in favor of any merger, consolidation, or asset sale approved by a majority of Boone UC's Board of Directors.
 

 After each party signed the shareholders' agreement, Boone UC opened and operated with success from January until October 2010, when defendant-appellees called a special meeting of the board of directors to discuss a potential sale of Boone UC. During this meeting, plaintiff-appellants objected to the sale, but defendant-appellees, comprising a majority of the board of directors, voted in favor of the sale and exercised their drag-along rights to approve the sale. Urgent Cares of America Holdings, LLC purchased Boone UC and seven other urgent care facilities for a total purchase price of $22,000,000.00, of which $165,000.00 was assigned to Boone UC without an independent business valuation. Defendant-appellees unilaterally dissolved Boone UC and each shareholder received payment for the value of his initial contribution plus ten percent from the
 
 *626
 
 proceeds of the transaction, totaling $41,250.00. Defendant-appellees had ownership interests in the other urgent care facilities involved in the transaction.
 

 Plaintiffs filed a verified complaint on 2 October 2013 and an amended complaint on 6 November 2013, asserting causes of action for (1) breach of fiduciary duty; (2) breach of contract; (3) constructive fraud, constructive trust and accounting; (4) civil conspiracy; (5) unfair trade practices; (6) conversion; and (7) unjust enrichment. On 9 December 2013, defendants filed an answer and motion to dismiss all claims under Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief could be granted. On 16 January 2015, the trial court entered an order granting defendant-appellees' motion to dismiss as to all claims except the breach of contract claim. On some date after the filing of the complaint, this case was designated as a mandatory complex business case pursuant to N.C. Gen.Stat. § 7A-45.4(b), but the approval of designation is not included in the record on appeal. On 13 February 2015, plaintiff-appellants voluntarily dismissed, without prejudice, their remaining breach of contract claim. Plaintiff-appellants appeal from the trial court's 16 January 2015 order.
 

 II. Analysis
 

 As an initial matter, we must examine our jurisdiction over this appeal. Even when not raised by the parties, this Court has a duty to examine its jurisdiction, and, if jurisdiction is unclear from the record, we must dismiss the appeal.
 
 Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.,
 

 362 N.C. 191
 
 , 197,
 
 657 S.E.2d 361
 
 , 365 (2008) ("A jurisdictional default ... precludes the appellate court from acting in any manner other than to dismiss the appeal.") (citations omitted).
 

 "[A] default precluding appellate review on the merits necessarily arises when the appealing party fails to complete all of the steps necessary to vest jurisdiction in the appellate court. It is axiomatic that courts of law must have their power properly invoked by an interested party."
 
 Id.
 
 at 197,
 
 657 S.E.2d at 364
 
 (citations omitted). Regarding an appellant's failure to include in the record on appeal the evidence necessary to understand all issues presented, we have stated:
 

 [I]t is the appellant's responsibility to make sure that the record on appeal is complete and in proper form. It is incumbent upon the appellant to see that the record on appeal is properly made up and transmitted to the appellate court. The Rules of Appellate Procedure are mandatory and failure to follow the rules subjects [the] appeal to dismissal.
 

 Smith v. Heath,
 

 208 N.C. App. 467
 
 , 470,
 
 703 S.E.2d 194
 
 , 196 (2010) (citations and quotation marks omitted). Regarding an appellant's failure to include the notice of appeal in the record, our Supreme Court has stated: "The appellant has the burden to see that all necessary papers are before the appellate court."
 
 Crowell Constructors, Inc. v. State ex rel. Cobey,
 

 328 N.C. 563
 
 , 563,
 
 402 S.E.2d 407
 
 , 408 (1991) (citation omitted).
 

 This Court is only conferred with "such appellate jurisdiction as the General Assembly may prescribe." N.C. Const. art. IV, § 12. N.C. Gen.Stat. § 7A-27 (2015) establishes jurisdiction of this State's appellate courts. Effective 1 October 2014, our General Assembly amended N.C. Gen.Stat. § 7A-27, transferring jurisdiction over an appeal from a case designated as complex business from this Court to our Supreme Court.
 
 See Christenbury Eye Ctr., P.A. v. Medflow, Inc.,
 
 ___ N.C.App. ___, ___,
 
 783 S.E.2d 264
 
 , 265 (2016) (explaining the amendment). The statute now provides, in pertinent part: "Appeal lies of right
 
 directly to the Supreme Court
 
 ... [f]rom any final judgment in a case designated as a mandatory complex business case pursuant to G.S. 7A-45.4[.]" N.C. Gen. Stat. § 7A-27(a)(2) (emphasis added). This change to N.C. Gen.Stat. § 7A-27(a) applies to "actions designated as mandatory complex business cases on or after" 1 October 2014.
 
 2014 N.C. Sess. Laws 621
 
 , 629, ch. 102, § 9.
 

 In the instant case, the complaint was filed on 2 October 2013, amended on 6 November 2013, answered by defendant-appellees on 9 December 2013, and the order appealed from was entered on 16 January 2015. Although the face of the order makes clear it is a judgment in a case designated as
 
 *627
 
 mandatory complex business pursuant to N.C. Gen.Stat. § 7A-45.4(b), there is no indication of when designation occurred. More importantly, the record contains no notice of designation, approval for designation, opposition to designation, or any other pleading from which this Court can determine precisely when this action was designated as a mandatory complex business case.
 

 Defendant-appellees acknowledge in a footnote to their brief that plaintiff-appellants did not "focus on the fact that this case was designated as a Business Court case or its potential impact on their appellate rights" in light of the 2014 amendment to N.C. Gen. Stat. § 7A-27. Defendant-appellees cite N.C. Gen.Stat. § 7A-45.4(d) to support their assertion that designation must have occurred no later than thirty days after 2 October 2013, the date upon which plaintiff-appellants filed their complaint. We are not persuaded.
 

 It is true that, generally, the notice of designation for mandatory complex business cases should be filed within thirty days of filing the complaint, or when a third party intervenes or causes the amount in controversy to equal or exceed $5,000,000.00. N.C. Gen.Stat. § 7A-45.4(d). However, circumstances may occur after the notice of designation that could extend the actual date of designation well beyond the general thirty-day timeframe.
 

 After the moving party files a notice of designation, it must be approved by the Chief Justice of our Supreme Court, and the non-moving party may file an opposition to designation within thirty days. N.C. Gen. Stat. § 7A-45.4(e) ("Within 30 days after service of the Notice of Designation, any other party may ... file and serve an opposition to the designation of the action as a mandatory complex business case."). If an opposition to designation is filed and has merit, the business court judge must enter a written order on designation.
 

 Id.
 

 Additionally,
 

 [i]f an action required to be designated as a mandatory complex business case ... is not so designated, the Superior Court in which the action has been filed shall, by order entered
 
 sua sponte,
 
 stay the action until it has been designated as a mandatory complex business case by the party required to do so in accordance with subsection (b) of this section.
 

 N.C. Gen.Stat. § 7A-45.4(g). Additionally, after a party files a notice of designation, the business court judge may "on its own motion... determine whether the action should be designated as a mandatory complex business case" and order that the case not be so designated.
 

 Id.
 

 Finally, a business court judge's decision on designation "may [be] appeal[ed] in accordance with G.S. 7A-27(a)," N.C. Gen.Stat. § 7A-45.4(e), or, at any time, the Chief Justice may revoke the approval of designation. In light of these procedural possibilities, even if the notice of designation was filed within thirty days of the complaint, actual designation may have occurred much later. Because appellants failed to include an approval of designation or an order on designation, or provide any other record evidence that specifies the exact designation date, whether this case was actually designated prior to 1 October 2014 is speculative.
 

 Where a party fails to file proper notice of appeal, an appellate court acquires no jurisdiction and must dismiss.
 
 Williams v. United Community Bank,
 

 218 N.C. App. 361
 
 , 366,
 
 724 S.E.2d 543
 
 , 548 (2012) ("Without proper notice of appeal, this Court acquires no jurisdiction.") (quoting
 
 Brooks v. Gooden,
 

 69 N.C. App. 701
 
 , 707,
 
 318 S.E.2d 348
 
 , 352 (1984) (citations omitted)). Where a party appeals an interlocutory order or judgment and fails to allege sufficiently he or she would be deprived of a substantial right absent immediate review, this Court acquires no jurisdiction and must dismiss.
 
 See, e.g., Larsen v. Black Diamond French Truffles, Inc.,
 
 ___ N.C.App. ___, ___,
 
 772 S.E.2d 93
 
 , 95 (2015) (holding that this defect in an appellant's principal brief cannot be cured in their reply brief). Regarding an appeal from an interlocutory orders, this Court has stated: "It is not the duty of this Court to construct arguments for or find support for [an] appellant's right to appeal[.]"
 

 Id.
 

 (quoting
 
 Jeffreys v. Raleigh Oaks Joint Venture,
 

 115 N.C. App. 377
 
 , 380,
 
 444 S.E.2d 252
 
 , 254 (1994)). The proper disposition in those cases is to dismiss because the appellant failed to confer jurisdiction on this Court. We adopt the same logic here.
 

 *628
 
 Without the precise date upon which this action was designated as a mandatory complex business case, we cannot determine with certainty whether jurisdiction lies with this Court or our Supreme Court. When a party appeals an order or judgment from an action designated as complex business, he or she bears the burden of showing the actual designation date. Particularly for actions initiated before 1 October 2014 that have been designated as complex business, a party appealing from an order or judgment entered after that date must include in the record a copy of the dated designation and explicitly note the date of designation in the statement of grounds for appellate review portions of their brief in order to confer jurisdiction on this Court. In the instant case, because plaintiff-appellants failed to include the designation approval or a designation order in the record on appeal and failed to note the date of designation in their brief, they have failed to confer jurisdiction on this Court and we dismiss. In light of our disposition, we do not address the merits of the case.
 

 III. Conclusion
 

 Although the record on appeal contains information supporting an inference that the case was designated prior to 1 October 2014, an inference cannot confer jurisdiction. Because the record contains no evidence from which this Court can determine precisely when this action was designated as a mandatory complex business case, we are unable to determine whether jurisdiction lies with this Court or our Supreme Court. Therefore, we dismiss.
 

 DISMISSED.
 

 Judges DAVIS and TYSON concur.